## Richmond.

### CALLOWAY'S COMMITTEE v. DINSMORE.

#### MAY 5th, 1887.

CHANCERY PRACTICE—*Lunatic—Committee—Mistake.*—In creditor's suit, answer of committee as to amount of lunatic's lien, does not relieve the court of the necessity of taking an account of such lien ; and if answer mistakes amount of the lien, both committee and court are under obligations to correct the mistake.

Appeal from, decree of circuit court of Henry county, rendered July 2d, 1885, in the cause of Dinsmore and others, creditors, against G. W. Booker and others, dismissing the petition filed therein by the committee of one Calloway, a lunatic. From this decree the committee appealed. Opinion states the case.

*Kean & Guy,* for the appellant.

*Guy & Gilliam* and *Whittle & Anderson,* for the appellees.

LACY, J., delivered the opinion of the court.

This suit was to subject the lands of one G. W. Booker to the satisfaction of the liens thereon. An account of liens was ordered by the court, and, among others, the commissioner reported the first lien in favor of the estate of a lunatic, of which the appellant is the committee, the amount of which is not stated by the commissioner. The

committee of the lunatic was thereupon summoned to show cause why the land should not be sold free of liens, and the rights of the creditors respected as to the funds arising from the sale. The committee answered that he could show no cause against the sale if the lien was respected as to the proceeds of sale, and that his decree against this land, prior to all others, was $16,900.60, with interest on $7,426.66 from the first day of January, 1880, for the payment of which all the lands of George Hairston were liable, and that this was a part of them, and that he thought $300 would be a sufficient amount to be reserved for the Calloway debt. Subsequently this committee—four years having elapsed, and before the funds arising from the sale of the lands in question had been distributed—filed a petition in the cause setting forth that he was now advised that a much larger sum was necessary to pay the said liability, and praying that an account of the said debt might be taken and the true amount ascertained before the funds in the hands of the court should be distributed. The court dismissed this petition and, without taking any account of the first lien—its amount or character—decreed forthwith a distribution of the funds in the cause. From this decree Calloway's committee appealed.

The ground upon which the court dismissed the petition of the committee is stated in the decree to be that it was insufficient to overturn the answer of the committee, filed four years before, fixing the amount necessary to pay the Calloway debt at $300. This decision is pregnant with two propositions. The *first* is that the answer of the committee relieved the court from the necessity of taking an account of the debts due to the lunatic; and, *secondly*, that if this committee should make an erroneous or false statement, that there was no obligation upon either the committee or the court to correct it. Both of these propositions are, we think, erroneous. In taking an account of liens, the court

was under the necessity of taking an account of this debt and adjusting the liability thereunder upon the land in question before it could adjudicate, concerning it, the rights of the parties. It was not competent for the committee to give up any right belonging to the estate of the lunatic without committing a *devastavit* towards the estate of the lunatic. He is authorized by law to take care of and control the estate of the lunatic; but if it is necessary to dispose of any of it, it can only be done by the court upon reference to a commissioner, inquiry, and report, and upon the fullest investigation. Code, ch. 82, §§ 48–51.

It was error for the court to decree away—dispose of—the estate upon the estimate of the committee, when such estimate was *supposed on all sides to be correct;* and certainly it is *not less error* to do so after the estimate in question was declared by the person who made it, after a fuller investigation, to be *erroneous* and inaccurate. The result of the decree complained of is to decree away the interest of a person under disability without evidence and without inquiry. This is plainly erroneous.

The decree complained of will be reversed and annulled, and the cause remanded to the said circuit court, with instructions to make inquiry through a commissioner, and ascertain and duly maintain, in all proper respects, the rights of the lunatic in the premises, when ascertained, before the funds in the hands of the court shall be distributed.

DECREE REVERSED.