SARAH L. CLARKE, BY GUSTAVE A. HANSON, HER NEXT FRIEND, *Appellant, v.* ANDREW J. KNIGHT, *Appellee.*

Opinion Filed October 24, 1922.

A suit in equity in which a deccree of dismissal has been entered and an appeaal is taken from the decree cannot be set aside, ignored and put at naught by a suit subsequently brought by the defendant against the appellant to remove an alleged cloud upon the title to real estate alleged to be caused by the allegations contained in the bill of the suit which has been appealed.

An Appeal from the Circuit Court for Hillsborough County, F. M. Robles, Judge.

Decree reversed.

*Shackleford & Shackleford,* for Appellant;

No appearance for Appellee.

ELLIS, J.—This case arose out of the case of Sarah L. Clarke, by her next friend, Gustave A. Hanson, against Andrew J. Knight and Penn Mutual Life Insurance Company, in which the complainant sought to obtain the cancellation of certain deeds to Knight and a certain note and Mortgage to the Penn Mutual Life Insurance Company.

After the institution of that suit, Sarah L. Clarke was adjudicated to be an insane person, and John C. Vinson was appointed her guardian. The guardian filed a petition in which he moved for the dismissal of the suit upon the ground that it was unauthorized because the statute provides that an insane person can sue only by guardian.

The bill was dismissed and Sarah L. Clarke by her next friend appealed to this court. The order was reversed. See Sarah L. Clarke, by her next friend, Gustave A. Hanson v. Andrew J .Knight, Penn Mutual Life Insurance Company, and Sarah L. Clarke by John C. Vinson, her guardian, decided this day.

In the instant case, Andrew J. Knight, on August 27th, 1921, filed a bill in the circuit court for Hillsborough County alleging himself to be the owner of the property described, consisting of certain lots and parcels of land which were acquired by him from Sarah L. Clarke by deed dated August 8th, 1918. It is alleged that Mrs. Clarke was adjudged to be an insane person in June, 1921, but was of sound mind when she executed the deed to him. It is alleged that while the bill of Mrs. Clarke was dismissed the allegations contained therein constitute a cloud upon the title to the land described.

The bill prays that the complainant be confirmed in his title to the land, that the deed executed by Mrs. Clarke in August, 1918, be declared to be valid and that the com-

plainant be confirmed in his title. That a guardian *ad litem* be appointed by the Court to defend the suit for Mrs. Clarke and that she be enjoined and restrained from questioning the title of the complainant to the land described and for general relief.

The court appointed Horace C. Gordon to be guardian *ad litem* for Mrs. Clarke for the purpose of defending the suit.

· · On August 29th, 1921, the guardian filed his answer in behalf of Mrs. Clarke. The answer merely averred that Mrs. Clarke was an insane woman, and then submitted ''her rights and interests in the matter in question in this cause to the tender consideration and protection'' of the court.

On the same day testimony was taken on behalf of the complainant and on the same day the court made its decree adjudging the equities to be with the complainant and granting the relief prayed for .

On September 3rd, 1921, Sarah L. Clarke, by her next friend, Gustave A. Hanson, presented her petition in which she sets out the proceedings taken in the first case and the proceedings in the instant case, alleging that no notice of the institution of the instant suit had been served upon Mr. Hanson, as next friend of Mrs. Clarke, nor his counsel and prayed that the court would vacate its decree. The petition was denied and Sarah L. Clarke, by her next friend entered her appeal from the final decree and the order denying the petition to vacate it.

The question presented by the bill of complaint upon which the complainant sought relief were identical with these presented in the case of Sarah L. Clarke, by her next friend, Gustave A. Hanson, against A. J. Knight and

the Penn Mutual Life Insurance Company, in so far as the mental condition of Mrs. Clarke in 1918 affected the deed of conveyance to Mr. Knight, under which he claimed title to the land described. When the bill in this case was filed, August 27th, 1921, an appeal had been entered in the first case and this court had obtained jurisdiction. It was not ousted of that jurisdiction by the institution of the second suit nor the rapidity with which it was disposed of.

The bill was filed, subpoena issued and served and return made, a guardian *ad litem* appointed, answer filed, testimony taken and final decree rendered within two days.

Upon the authority of Sarah L. Clarke, by her next friend, Gustave A. Hansan v. A. J. Knight, et al., this day decided, the decree is reversed with instructions to dismiss the bill at complainant's cost.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.