E. B. Fox, *Committee, etc. v.* Josie Starbuck *et al.*

(No. 7790)

Submitted April 24, 1934.   Decided May 8, 1934.

*J. Raymond Gordon* and *W. C. Haythe,* for appellants.
*A. D. Daly,* for appellee First National Bank of Hinton.
*R. F. Dunlap, W. H. Sawyers* and *W. A. Brown,* for other appellees.

Litz, Judge:

This suit was instituted in August, 1932, by E. B. Fox, sheriff of Summers County, and, as such, committee of Peter Cales, a mental defective, to cancel a deed dated August 4, 1931, from Peter Cales and A. V. Cales, his wife, to defendant, Josie Starbuck, conveying valuable real and personal estate in consideration of the grantee agreeing to support the grantors during their natural lives and to provide a decent burial for them after death. The alleged mental incapacity of Peter Cales and fraud practiced upon him by the grantee at the time of the execution of the conveyance constitute the basis for relief.

Peter Cales was adjudged a mental defective November 17, 1931. The circuit court entered a consent decree,

January 18, 1933, confirming the deed and dismissing the bill, upon the admission of plaintiff that Peter Cales was, at the time of making the deed mentally competent and had not been induced by deception or undue influence on the part of the grantee to execute the instrument. August 17, 1933, Peter Cales died, and, thirteen days later the suit was revived in the names of his heirs at law, as plaintiffs, in contemplation of an application by them for an appeal from the consent decree to this court.

The question presented is whether the committee of a mental defective as plaintiff in a suit may, by consent, waive or release the alleged rights of his charge. The answer must be in the negative. The committee in such situation may no doubt have the suit dismissed, without prejudice, when he reaches an honest conclusion that it is not maintainable, but he cannot "waive or admit away any substantial rights of, or consent to anything which may be substantially prejudicial to, his ward." 32 C. J. 777; *Clark* v. *Knight,* (Fla.) 94 So. 671; *Calloway* v. *Dinsmore,* 83 Va. 309, 2 S. E. 517. Tested by this rule, the decree complained of is clearly erroneous. It will, therefore, be set aside and the cause remanded for further proceedings.

*Reversed and remanded.*