287 So.2d 401 (1973)
Theresa Kerger STEIN, As Administratrix of the Estate of Norman H. Stein, Sr., Deceased, and Theresa Kerger Stein, Individually, Appellant,
v.
BAYFRONT MEDICAL CENTER, INC., a Florida Corporation, et al., Appellees.
No. 73-507.
District Court of Appeal of Florida, Second District.
December 19, 1973.
Rehearing Denied January 21, 1974.
Michael B. Piper, Piper & Casler, St. Petersburg, for appellant.
Glenn M. Woodworth, Ulmer & Woodworth, St. Petersburg, for appellees.
GRIMES, Judge.
The appellant has filed an interlocutory appeal from a stay order entered pursuant to Rule 1.420(d) FRCP, 30 F.S.A.
In a previous action, the appellant sued Bayfront Medical Center for malpractice. After taking a voluntary dismissal, costs were taxed against her in the amount of $534.22. Appellant then filed this suit against Bayfront Medical Center and a doctor, but her allegations against Bayfront were essentially the same as before. Upon motion of Bayfront, the court entered an order staying appellant's claim against Bayfront until such time as she paid in full the costs previously taxed against her. Appellant opposed the motion upon grounds of indigency.
Interlocutory appeal is not a proper method of reviewing the order under attack. FAR 4.2, 32 F.S.A. However, the court will treat the appeal as a petition for certiorari. Alliance for Conservation of Nat. Resources v. Furen, Fla.App. 1958, 104 So.2d 803.
*402 Rule 1.420(d) requires that an order be entered with reference to costs but appears to give the court discretion concerning the terms of the order. The appellant has failed to show that the order entered in this case was without or in excess of the trial court's jurisdiction or constituted a departure from the essential requirements of law. See Republic of Cuba v. Ritter, Fla.App. 1961, 130 So.2d 98.
The petition for certiorari is denied.
MANN, C.J., and BOARDMAN, J., concur.