295 So.2d 323 (1974)
Patricia FEARS, Appellant,
v.
Muriel Booth LUNSFORD, and the Insurance Company of North America, Appellees.
No. U-196.
District Court of Appeal of Florida, First District.
May 14, 1974.
Rehearing Denied June 25, 1974.
*324 J. Ben Watkins, of Watkins & Hill, Tallahassee, for appellant.
John N. Boggs, of Barron, Redding, Boggs & Hughes, Panama City, for appellees.
JOHNSON, Judge.
The appellant herein appeals from a final judgment dismissing with prejudice her complaint against appellees for loss of consortium upon the grounds of res judicata. In a prior suit brought by appellant and her husband against appellees to recover damages resulting from an automobile accident, appellant claimed loss of consortium. The trial court granted the appellees' motion for a directed verdict on that issue. The appellant herein thereafter sought to "take a voluntary nonsuit" on her claim for loss of consortium, rather than to appeal that issue, and the trial court permitted her "to take a voluntary non-dismissal." The case subsequently went to the jury on the claim of the appellant's husband only after the trial judge took the verdict form and struck therefrom the appellant's claim for damages for loss of consortium.
After the above suit was concluded, appellant filed the present suit against appellees claiming loss of consortium. The appellees moved to dismiss, raising the defense of res judicata. The trial court granted the motion and dismissed the suit with prejudice.
We agree that the appellant's present suit is barred by the doctrine of res judicata. Said doctrine rests on the ground that the party to be affected has litigated, or has had an opportunity to litigate, the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. Here, appellant presented in the prior suit some evidence as to her claim for loss of consortium and the trial court originally ruled, by granting appellees' motion for a directed verdict with regard to such claim, that she had failed to produce sufficient evidence to substantiate the claim. While the trial court subsequently permitted appellant to dismiss that claim, the effect was the same as though the directed verdict had remained standing; to wit: the claim for loss of consortium was stricken from the jury verdict form after appellant had tendered evidence as to that issue. The res judicata doctrine precludes a second litigation of the same cause of action. The conclusiveness of the prior adjudication extends not only to matters which were actually determined, but also to all other matters which could properly have been determined in the prior action, whether they were, or were in fact, not considered. This rule applies to every question which falls within the purview of the original action. 19 Fla.Jur., "Judgments and Decrees", § 120. Thus, appellant's primary argument on appeal  that a *325 "final" judgment dismissing with prejudice the claim of loss of consortium had not been rendered and hence her present claim is not barred by res judicata  has no merit. Res judicata applies to every justiciable issue as well as every actually litigated issue. The case for the application of the doctrine is even stronger here, for the issue of loss of consortium was actually litigated up to the point when the trial court directed a verdict in favor of appellees on that issue. Appellant has had an opportunity to be heard on the issue. To allow her to relitigate this issue when the appellees have already had a ruling favorable to them would be to defeat justice and prolong litigation. The later action of the trial court in granting appellant her motion to take a "voluntary dismissal" was more in the nature of the entrance of an involuntary dismissal due to the prior ruling on the motion for directed verdict.
The purpose of all our rules of procedure is to expedite disposition of cases with fairness and justice to all parties. To permit appellant to relitigate against the same parties her claim of loss of consortium would defeat this purpose.
Accordingly, the judgment dismissing appellant's complaint upon the ground of res judicata is Affirmed.
RAWLS, C.J., concurs.
McCORD, J., dissents.
McCORD, Judge (dissenting).
While I do not consider that a plaintiff should have the right to take a voluntary dismissal after the trial judge has announced, out of the jury's presence, that a defendant's motion for a directed verdict will be granted, I am of the opinion that Rule 1.420(a)(1) Florida Rules of Civil Procedure, 30 F.S.A., gives him that right. The trial judge in this case also apparently considered appellant had such right as he granted his motion for voluntary dismissal. The rule in pertinent part provides as follows:
"... an action may be dismissed by plaintiff without order of court (i) by serving or during trial, by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if such motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision... . Unless otherwise stated in the notice ... the dismissal is without prejudice... ." (Emphasis supplied.)
This case was tried before a jury and appellant stated on the record his notice of dismissal before retirement of the jury. Thus, in my opinion the previous announcement by the court that it would grant the motion for directed verdict is not res judicata to this action. See Meyer v. Contemporary Broadcasting Company, Fla.App., 207 So.2d 325 (1968). It appears that the point of no return is reached when the judge announces the directed verdict to the jury. Up to that time, plaintiff can take a voluntary dismissal.