340 So.2d 1232 (1976)
DESERET RANCHES OF FLORIDA, INC., Appellant,
v.
Dorothy BOWMAN, Formerly Dorothy Diane Blake, et al., Appellees.
No. 76-1359.
District Court of Appeal of Florida, Fourth District.
December 17, 1976.
Philip W. Watson of Akerman, Senterfitt & Eidson, Orlando, for appellant.
Bruce E. Chapin, Orlando, for appellees.
ALDERMAN, Judge.
This is an interlocutory appeal from two orders of the Circuit Court of Osceola County.
The first order denied appellant's motion to tax costs. The suit arose from a dispute over the right of the appellees to travel over appellant's ranch in order to reach their property. Appellees had filed an amended complaint containing two counts. Count One sought to establish a prescriptive easement. Count Two was based upon a statutory way of necessity. Appellees subsequently attempted to rid themselves of Count Two of their amended complaint by filing what was entitled a "Notice of Dismissal Without Prejudice of Count II," reciting that they did so pursuant to Fla.R. Civ.P. 1.420(a)(1).[1] Appellant contends that *1233 the appellees inadvertently dismissed their entire lawsuit by filing this Notice of Dismissal and therefore appellant was entitled to a judgment for costs under Fla.R.Civ.P. 1.420(d).[2] The trial court concluded that under Rule 1.420(a) a plaintiff may not dismiss less than an entire action, and held that the Notice of Dismissal was a nullity and of no effect. Appellant argues to the contrary that appellees' "Notice of Dismissal Without Prejudice of Count II" had the automatic instantaneous effect of terminating the lawsuit and depriving the trial court of jurisdiction, except for the assessment of costs pursuant to Rule 1.420(d).
We agree with the trial court. Only an entire action may be voluntarily dismissed under Fla.R.Civ.P. 1.420(a)(1); there can be no partial dismissal, no dismissal of less than all causes of action. Dave Hess, Inc. v. Black Angus of Pompano, Inc., 288 So.2d 286, 287 (Fla. 4th DCA 1974); Cooper v. Carroll, 239 So.2d 511 (Fla. 3d DCA 1970); Scott v. Permacrete, Inc., 124 So.2d 887, 889 (Fla. 1st DCA 1960). See also Smith, Kline & French Laboratories v. A.H. Robins Co., 61 F.R.D. 24 (E.D.Pa. 1973); Etablissements Neyrpic v. Elmer C. Gardner, Inc., 175 F. Supp. 355 (S.D.Tex. 1959); Neiman-Marcus Co. v. Lait, 14 F.R.D. 159 (S.D.N.Y. 1953); Harvey Aluminum, Inc. v. American Cyanamid Co., 203 F.2d 105 (2d Cir.1953); Trawick, Florida Practice and Procedure § 21-2 (1975).
The proper method of deleting less than all counts from a pleading is amendment of the pleading pursuant to Fla.R. Civ.P. 1.190. Appellees attempted to do the impossible when they filed a Notice of Dismissal as to one count of a two count complaint. They should have limited themselves to filing their second amended complaint according to Fla.R.Civ.P. 1.190, omitting the undesired count. Because appellees' Notice of Dismissal was a nullity, the action was not terminated by it, and the trial court was not divested of jurisdiction. Consequently appellant's motion to tax costs was properly denied.
The remaining issue stems from the trial court's second order which denied appellant's motion to dismiss appellees' second amended complaint.[3] Appellees by their second amended complaint seek to establish a prescriptive easement over appellant's property. Appellant argues that because there is no mention of the width of the easement in the complaint, the complaint fails to state a cause of action. We agree that the easement is not sufficiently identified and that the complaint in its present form fails to state a cause of action. This is so in spite of appellees' careful delineation of the route and termini of the claimed easement. Particularly where rural rights-of-way of the kind alleged here are involved, width is an essential part of their description. The actual visible track may vary in width; user may vary. Appellees have described only the course of the alleged easement. From the complaint the full extent of their claim cannot be determined. Are they seeking a pathway or trail adequate for a man on foot or horseback to travel, or are they claiming a right of way sufficient in width to accommodate a modern highway? We hold that it is necessary for those claiming a prescriptive easement *1234 to allege and prove its route, termini, and width. Downing v. Bird, 100 So.2d 57 (Fla. 1958). The trial court's order denying appellant's Motion to Dismiss is reversed with directions that appellees' second amended complaint be dismissed with leave to amend.
AFFIRMED in part, REVERSED in part, and remanded for further proceedings consistent with this opinion.
MAGER, C.J., and DOWNEY, J., concur.
NOTES
[1] "Rule 1.420. Dismissal of Actions

(a) Voluntary Dismissal; Effect Thereof.
(1) By Parties. Except in actions wherein property has been seized or is in the custody of the court, an action may be dismissed by plaintiff without order of court (i) by serving or during trial, by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if such motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim. If a lis pendens has been filed in the action, a notice or stipulation of dismissal under this paragraph shall be recorded and cancels the lis pendens without the necessity of an order of court."
[2] "(d) Costs. Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action. If a party who has once dismissed a claim in any court of this State commences an action based upon or including the same claim against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order."
[3] It is not clear from the record on appeal whether appellees obtained leave of court to file their second amended complaint as provided by Fla.R.Civ.P. 1.190(a); however the trial court's denial of appellant's motion to dismiss cured any procedural defect which might have existed.