404 So.2d 847 (1981)
Patty Jo HAMER, As Personal Representative of the Estate of Leslie David Hamer, Deceased, Appellant,
v.
Harold KAHN, et al., Appellees.
No. 79-100.
District Court of Appeal of Florida, Fourth District.
October 14, 1981.
*848 Wilton L. Strickland and Carey M. Fischer of Ferrero, Middlebrooks & Strickland, Fort Lauderdale, for appellant.
Larry Klein, West Palm Beach, and Robert D. Moses of Pomeroy, Betts, Pomeroy & Moses, Fort Lauderdale, for appellees, W. Meade Collinsworth and Collinsworth, Nielson & Associates, Inc.
BERANEK, Judge.
Plaintiff appeals from the final dismissal with prejudice of a single count against one of several defendants. We reverse finding that leave to amend should have been granted. In a multi-count complaint, plaintiff sued numerous defendants for the death of her husband. The facts alleged are that plaintiff's husband was killed in an accident on a site where a building was being constructed for Broward Community College. Present on the site were two general contractors, various subcontractors, and a safety engineering firm. Plaintiff sued all of these entities, along with various insurance entities. The decedent was employed by a sub-contractor, Lar-Mar Construction Company. He was killed when an employee of another sub-contractor, Sullivan Construction Company, negligently operated a crane while both men were on the job. The theories of liability against each of the defendants were as follows: (1) Mr. Kahn  the Sullivan Construction Company employee who negligently operated the crane causing the death of Mr. Hamer; (2) Sullivan Construction Company  the employer of Kahn who was sued on a negligence theory; (3) Vander Linde Construction Company and Lonnie Jackson Construction Company  sued as joint venture general contractors for negligent maintenance of the job site, negligent inspection and care of equipment, and on the further theory that they failed to require the Sullivan Construction Company to procure adequate insurance coverage as required by the initial construction contract between the owner and the general contractors; (4) Broward Community College  the owner who contracted with the general contractors and who was sued for negligent failure to inspect and oversee the job site and the equipment used thereon; (5) Gulfstream-Broward Construction Company  the site inspector and safety engineer who was sued for negligent inspection and failure to oversee general job safety; (6) Insurance Company of North America  the bonding company for the general contractors who was sued on the theory of negligent failure to provide the required amount of insurance on the job; and (7) Mr. W. Meade Collinsworth and Collinsworth, Nielson and Associates, Inc.  an insurance agent and agency  sued on the theory that they breached a contract to procure insurance for the general contractors. Plaintiff alleged she was a third party beneficiary of three different contracts between the various defendants. These three contracts were: (1) the construction contract between the owner and the general contractors; (2) the contract between the general contractors and the subcontractor Sullivan Construction Company; and (3) a contract between the general contractors and their insurance agents to procure insurance. The main construction contract required the general contractors to procure insurance coverage of one million dollars. Plaintiff asserted that the required one million dollars in coverage was not available by virtue of the agent's failure to place the coverage in accordance with the agreement between the agent and the general contractors.
The latter claim against the Collinsworth Insurance Agency was asserted in Count VI of plaintiff's third amended complaint which contained a total of nine counts against eleven different defendants. The trial court entered a final order dismissing the court against the insurance agent and agency with prejudice. It is only *849 this count which we are concerned with on appeal. All of the other counts remain pending. Although there is a great deal of interrelationship between the various counts, the order in question is appealable because it constitutes a final order as to a single defendant in a multi-count, multi-defendant action. See Shute v. Keystone State Bank, 159 So.2d 106 (Fla.1st DCA 1963), and Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla. 1974).
As stated above, plaintiff argues she is a third party beneficiary of the contract between the owner and the general contractors and that this construction contract required one million dollars in coverage which would have been available as coverage for her claims arising due to the death of her husband. She further alleges that she is a third party beneficiary of a contract to procure insurance between the general contractors and their personal insurance agent. She alleges that the insurance agent breached his contract and that the one million dollars in coverage required under the construction contract is thus not available to her. She thus asserts, in a direct action, her claim as a third party beneficiary of the contract to procure insurance against the agent. The appellee insurance agent and agency urge that no cause of action can be stated basically for two reasons. They maintain plaintiff is not a third party beneficiary of the contract between the general contractors and the owner and that this construction contract did not contemplate making insurance coverage available for claims arising from injuries to employees of sub-contractors on the job. They also contend that even if plaintiff is a third party beneficiary of both the contract requiring a million dollars in coverage and the contract to procure the million dollars in coverage, there can be no direct action against an agent for his failure to procure a policy. We disagree as to the second reason and find it inappropriate to answer the questions raised by the initial argument.
In this appeal, we cannot decide the question of whether plaintiff is a third party beneficiary of the insurance provisions in the construction contract between the general contractors and the owner. Similarly, we cannot decide whether this construction contract contemplated insurance coverage which would inure to the benefit of plaintiff. In one count, plaintiff sued the general contractors and the owner contending she is a third party beneficiary of the contract between these two parties. This separate count directed at the general contractors and owner based on the construction contract remains undecided and pending before the trial court. In a separate count plaintiff sued the insurance agent claiming to be a third party beneficiary of the contract between the agent and the general contractors. The only issue in this appeal is the count against the insurance agent. Under these circumstances, we are forced to deal with the count against the insurance agent by assuming plaintiff will prevail on her allegations in the other counts against the other defendants. In short we must assume the truth of plaintiff's allegations in the entire complaint and can only rule on the legality of the count which was dismissed.
As to whether a direct action will lie against an insurance agent on the third party beneficiary theory, we rely upon Gothberg v. Nemerovski, 58 Ill. App.2d 372, 208 N.E.2d 12 (1965). This case involved a suit against an insurance broker who agreed to procure insurance for an applicant but failed to do so. The plaintiff obtained a judgment against the uninsured applicant and sued the broker directly as a judgment creditor of the applicant. The Illinois court found plaintiff to be a third party beneficiary of the contract to procure insurance. The Florida courts have not specifically addressed this question, but in the landmark decision of Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969), on the subject of third party beneficiary direct actions against insurance companies, the Florida Supreme Court quoted and heavily relied upon the Illinois Appellate Court decision in Gothberg v. Nemerovski, supra. Based upon the reasoning of the Illinois case as relied upon by the Florida Supreme Court in the Shingleton case, we conclude a direct *850 action against an insurance agent may be brought under the circumstances of this case. We reach this conclusion with numerous reservations. Initially, we note that the trial court was correct in dismissing the count in question as presently drawn. The allegations are vague as to the terms of the contract to procure insurance and there are no direct allegations in the complaint as to plaintiff's third party beneficiary status. These arguments are made by plaintiff on appeal in support of her contention that she should have been allowed to amend the complaint. If plaintiff can allege facts sufficient to bring her within the third party beneficiary doctrine as announced in Shingleton v. Bussey, supra, then she should be given the opportunity to do so.
We also have reservations about the numerous obstacles which plaintiff must overcome before any court will ever be presented with the question of whether she can recover against the insurance agent herein. Obviously, before the plaintiff will ever need to recover against the insurance agent, she must be successful in her action against the sub-contractor's employee and successful in her action against that sub-contractor. Further, she must prevail in her suit against the general contractor whereby she seeks to establish herself as a third party beneficiary under the construction contract between the owner and the general contractors. Further, she must secure a judgment in excess of whatever insurance coverage is in existence and then be unable to collect the balance of this judgment against the defendants. Only after all of these obstacles have been overcome, will plaintiff need to pursue her action against the insurance agent. It may be that plaintiff will never get to the point of pursuing the action against the insurance agent and it would certainly seem advisable that these issues be severed for trial.
In short, we assume without deciding the truth and legal validity of all of the alleged facts and legal theories against all of the other various defendants in the pending counts. Assuming plaintiff will be successful in all of these respects, we conclude she may be able to state a cause of action against an insurance agent who, according to the allegations, failed to perform his binding agreement with the general contractors to procure the million dollar insurance policy which would have inured to the benefit of the plaintiff herein. There are many undecided issues in this case. One issue which has not been addressed by any party is the question of whether the insurance policy contemplated herein partakes of sufficient public policy considerations to require the application of the third party beneficiary doctrine as was held in Shingleton v. Bussey, supra. As indicated, this issue has not been addressed by any party, and we leave this to the initial ruling of the trial court upon remand.
The cause is remanded with directions to allow plaintiff leave to amend the complaint against the insurance agent and agency.
HERSEY, J., concurs.
ANSTEAD, J., concurs in conclusion only.