407 So.2d 392 (1981)
Joseph M. LAUDA, Appellant,
v.
H.F. MASON EQUIPMENT CORP., a Florida Corporation, and Harold a Howell, Appellees.
No. 81-1427.
District Court of Appeal of Florida, Third District.
December 22, 1981.
*393 Abrams & Abrams and Steven R. Berger, Miami, for appellant.
Martin & Martin and E. Snow Martin, Lakeland, for appellees.
Before NESBITT, BASKIN and DANIEL S. PEARSON, JJ.

ON MOTION TO DISMISS
DANIEL S. PEARSON, Judge.
Lauda brought a six-count complaint against H.F. Mason Equipment Corporation (Mason) and Harold Howell (Howell). The trial court entered a final summary judgment in favor of the defendants as to all counts except Count V. Lauda filed a timely appeal and then voluntarily dismissed Count V in the trial court. Mason and Howell moved to dismiss Lauda's appeal on the ground that Counts I through IV[1] did not allege causes of action distinct and separate from Count V and therefore are not appealable under Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla. 1974).[2]
We agree with the defendants that the claims stated in Counts I through V substantially involve the same transaction and are legally interrelated.[3] Therefore, were Count V still pending in the trial court, we would unhesitatingly grant the defendant Mason's motion to dismiss.[4]S.L.T. Warehouse Company v. Webb, 304 So.2d 97 (Fla. 1974); Fischer v. Trafalgar Towers Association # 2, Inc., 372 So.2d 528 (Fla. 4th DCA 1979); Venezia A., Inc. v. Askew, 314 So.2d 254 (Fla. 1st DCA 1975). But Count V has been voluntarily dismissed by the plaintiff, and there would appear to be no impediment to our reviewing the propriety of the summary judgments unless, as the defendants suggest, the voluntary dismissal of Count V is ineffective to give us jurisdiction of this appeal.
It is true that when Lauda filed his notice of appeal, the summary judgments lacked the requisite finality, because *394 an interrelated cause of action pended in the trial court. S.L.T. Warehouse Company v. Webb, supra. That fact, however, did not prevent jurisdiction from vesting when the impediment was removed. If, as is the case, a notice of appeal filed before judgment is rendered is sufficient to vest jurisdiction in the appellate court at the time of rendition, Williams v. State, 324 So.2d 74 (Fla. 1975), and jurisdiction of an appeal from a non-final order becomes vested upon the later entry of a final order, Gries Investment Co. v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980); Barnes v. Ross, 386 So.2d 812 (Fla. 3d DCA 1980), we see no reason why our initially inchoate jurisdiction did not become choate at the time the plaintiff voluntarily dismissed the interrelated count pending in the trial court.[5]
A voluntary dismissal under Florida Rule of Civil Procedure 1.420(a)(1) is not, as the defendants suggest, an inconsequential or ephemeral act.[6] If Lauda's voluntary dismissal was effective, there is no interrelated claim remaining in the trial court, and Mendez is no bar to our proceeding with the appeal of these otherwise final judgments. Neither would Lauda's institution of a new suit on the claim contained in Count V divest us of jurisdiction,[7]see Clarke v. Knight, 84 Fla. 485, 94 So. 671 (1922), and, a fortiori, the spectre of that occurring would have no effect on the appeal.
But Lauda's problem, as we have intimated, is not the effect of his voluntary dismissal of Count V, but its effectiveness. Florida Rule of Civil Procedure 1.420(a)(1) provides, in pertinent part:
"... an action may be dismissed by plaintiff without order of court (i) by serving ... a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if such motion is denied, before retirement of the jury in a case tried before a jury or before submission of a non-jury case to the court for decision ..." (emphasis supplied).
The rule only permits the dismissal of an action. There can be no dismissal without order of court of less than all the causes contained in the action. Deseret Ranches of Florida, Inc. v. Bowman, 340 So.2d 1232 (Fla. 4th DCA 1976).[8]See Exxon *395 on Corporation v. Maryland Casualty Company, 599 F.2d 659 (5th Cir.1979); Smith, Kline & French Laboratories v. A.H. Robins Company, 61 F.R.D. 24 (E.D.Pa. 1973).[9]Compare Fla.R.Civ.P. 1.420(b) ("Any party may move for a dismissal of an action or of any claim... ."). In the present case, the voluntary dismissal of the single claim remaining in the trial court did not remove the defendants from the lawsuit, since Lauda's appeal is still pending. The plaintiff's "action" is not dismissed by the dismissal of one claim in the trial court when other claims contained in the action are still alive, whether well or not, in the appellate court.[10]Exxon Corporation v. Maryland Casualty Company, supra.
We conclude, therefore, that Lauda's voluntary dismissal of Count V was a nullity and was ineffective to terminate the action in the trial court. Count V still pends in the trial court. Deseret Ranches of Florida, Inc. v. Bowman, supra; Exxon Corporation v. Maryland, supra. The defendant Mason's motion to dismiss Lauda's appeal of Counts I through IV is granted; the defendant Howell's motion to dismiss Lauda's appeal of Counts I through IV is denied.
NOTES
[1] The defendants concede that Count VI sets forth a cause of action distinct and separate from Counts I through V and that the summary judgment entered thereon is appealable. Our jurisdiction to review the judgment on Count VI does not carry with it jurisdiction to review the judgments on Counts I through IV if they are not appealable. Compare Murphy White Dairy, Inc. v. Simmons, 405 So.2d 298 (Fla. 4th DCA 1981).
[2] Mendez held that a dismissed cause of action which is separate and distinct from other joined causes of action is appealable. The corollary is that an order dismissing less than all of interrelated claims involving the same transaction and same parties is not appealable. S.L.T. Warehouse Company v. Webb, 304 So.2d 97 (Fla. 1974).
[3] Count I alleged a breach of contract in that Lauda was not paid commissions for his efforts on Mason's behalf. Count II alleged that Lauda was not paid for the services he performed under his oral employment agreement with Mason. Count III asked for punitive damages because of Mason's wrongful refusal to pay Lauda for his efforts. Count IV alleged that more money should have been contributed to the pension fund for Lauda's account as an emolument of the compensation due him under Counts I and II. Count V alleged that Mason owed Lauda money under the employment contract and demanded an accounting of the territory, sales and money due Lauda. In essence, all five counts involved a breach of a single employment agreement, the difference between the counts lying in the relief sought. See North Indialantic Homeowners Association, Inc. v. Bogue, 390 So.2d 74 (Fla. 5th DCA 1980); Kingsland v. National Advertising Company, 384 So.2d 701 (Fla. 5th DCA 1980); Venezia A., Inc. v. Askew, 314 So.2d 254 (Fla. 1st DCA 1975).
[4] Howell's motion to dismiss must be denied in any event, since Howell was not a defendant in Count V, and the trial court's actions completely disposed of the action against him. See Hamer v. Kahn, 404 So.2d 847 (Fla. 4th DCA 1981). This is not an instance in which Lauda attempted to voluntarily dismiss one of several defendants. Compare Cooper v. Carroll, 239 So.2d 511 (Fla. 3d DCA 1970), with Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250 (5th Cir.1973).
[5] The present case is not controlled by cases in which the plaintiff attempts to appeal from an order which he himself solicits and procures. See, e.g., Hawkins v. Perry, 146 Fla. 766, 1 So.2d 620 (Fla. 1941), and Rubin v. Gordon, 165 So.2d 824 (Fla. 3d DCA 1964), in which it was held that the plaintiff's appeal from an order dismissing the action entered at the plaintiff's request would not be entertained. Lauda's appeal is not from judgments procured at his request, notwithstanding that in his effort to bring about our review of those judgments he has voluntarily dismissed another count.
[6] While a voluntary dismissal is without prejudice to the bringing of a new action, it precludes the plaintiff from reviving the original action. Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978). A plaintiff who voluntarily dismisses an action is liable for costs incurred by the defendant and cannot proceed a second time until the costs have been paid, Fla.R.Civ.P. 1.420(d); Stein v. Bayfront Medical Center, Inc., 287 So.2d 401 (Fla. 2d DCA 1974); see Randle-Eastern Ambulance Service, Inc. v. Vasta, supra; is faced with the prospect that a second voluntary dismissal will constitute an adjudication on the merits, Fla.R. Civ.P. 1.420(a)(1); Tinsley v. McDonald, 378 So.2d 816 (Fla. 3d DCA 1980); and bears the risk that the statute of limitations may bar the new action, Randle-Eastern Ambulance Service, Inc. v. Vasta, supra.
[7] Under such circumstances, the trial court would presumably refrain from wasting precious judicial time on a claim which, in light of its interrelation with claims pending before us, would likely be controlled by our decision on appeal. See Clarke v. Knight, 84 Fla. 485, 94 So. 671 (1922). And see Gulf Theatres, Inc. v. State ex rel. Ferguson, 133 Fla. 634, 182 So. 842 (1938); State Farm Mutual Automobile Insurance Company v. Barczak, 296 So.2d 493 (Fla. 3d DCA 1974); United States v. Thorp, 655 F.2d 997 (9th Cir.1981).
[8] In Fears v. Lunsford, 314 So.2d 578 (Fla. 1975), the Florida Supreme Court held that a voluntary dismissal could be entered even after the trial court had announced its intention to grant a directed verdict. In fact, the voluntary dismissal under discussion was not as to the entire action, but rather as to one of two claims in the action. See Fears v. Lunsford, 295 So.2d 323 (Fla. 1st DCA 1974). Since no regard was paid to this fact in either the opinion of the court of appeal or the Supreme Court, we can only conclude that its importance was not made an issue by the parties and was overlooked by the courts. See Note, Voluntary Dismissal  Plaintiff's Right to Take Voluntary Dismissal is Absolute; or Plaintiff Gets a Second Chance (hereafter, Voluntary Dismissal), 4 Fla.St.L.Rev. 379 (1976), pointing out that the Fears decisions completely overlooked the Committee Notes to Florida Rule of Civil Procedure 1.420, which provided "subdivision (a) applies to the entire action and does not authorize dismissal of some, but not all, parties or claims." 4 Fla.St.L.Rev. at 383 n. 30. The opinion in Deseret Ranches of Florida, Inc. v. Bowman, supra, makes no mention of Fears, and we share the Fourth District's apparent view that Fears is not authority for the proposition that less than the entire action can be dismissed under Florida Rule of Civil Procedure 1.420(a).
[9] Florida Rule of Civil Procedure 1.420 is patterned after Federal Rule of Civil Procedure 41. We may look to Federal cases as persuasive authority on the interpretation of our rule. Neil v. South Florida Auto Painters, Inc., 397 So.2d 1160, 1163 n. 4 (Fla. 3d DCA 1981); Gross v. Franklin, 387 So.2d 1046, 1048 n. 6 (Fla. 3d DCA 1980).
[10] Were we deciding the present motion to dismiss under Federal Rule of Civil Procedure 41, which, unlike our Florida Rule, provides that the right to unilaterally dismiss ends when an answer or motion for summary judgment is served, Exxon Corporation v. Maryland Casualty Company, supra, we would alternatively hold that Lauda's voluntary dismissal came too late to be effective. This "bright-line" approach of the Federal Rule recognizes that once a defendant has been actively engaged in the defense of a suit to the point of moving for summary judgment, a plaintiff will not be permitted to unilaterally terminate the suit to the defendant's prejudice. Under the Federal Rule, neither the scope of the motion for summary judgment nor the outcome is meaningful. The more liberal, see Fears v. Lunsford, 314 So.2d 578 (Fla. 1975), but maligned Florida Rule, see Note, Voluntary Dismissal, supra; Note, Expanded Right to Voluntary Dismissal Upheld, 30 U.Miami L.Rev. 1092 (1976); M. Massey and M. Weston, Seventh Survey of Florida Law; Civil Procedure, 20 U.Miami L.Rev. 594 (1966); Fears v. Lunsford, supra (Overton, J., concurring), would likely allow Lauda to voluntarily dismiss at the late stage, had such dismissal been of the entire action.