415 So.2d 94 (1982)
Jean L. RIHON, Appellant,
v.
Herbert J.T. WILSON, d/b/a Wilson Insurance Agency, Appellee.
No. 81-1686.
District Court of Appeal of Florida, Fourth District.
June 9, 1982.
Rehearing Denied July 9, 1982.
*95 Thomas E. Kingcade of Levy, Shapiro, Kneen & Kingcade, P.A., Palm Beach, for appellant.
Robert D. Moses of Pomeroy, Betts, Wiederhold & Moses, West Palm Beach, for appellee.
BERANEK, Judge.
This is an appeal from the final dismissal of a complaint. Appellant, an exchange student from Belgium, residing in the home of Lucille D. Rybovich, was seriously injured in an automobile accident caused by an uninsured motorist. Mrs. Rybovich, the owner of the car appellant was driving, had an automobile liability insurance policy issued by Ohio Casualty Insurance Company. Appellee, an insurance agent, had procured this policy for Mrs. Rybovich. After the accident, it was discovered that the policy provided limits of $100,000/300,000 for bodily injury protection coverage but only $10,000/20,000 for uninsured motorist coverage. The UM coverage was inadequate to cover the injuries sustained by appellant.
Appellant brought an action against appellee alleging that appellee was negligent in failing to disclose and explain the UM coverage provisions and options available to Mrs. Rybovich and in improperly and inadequately advising her as to the same. There is no allegation that Rybovich would have purchased higher UM limits had she been more fully advised. Further, there is no allegation of any deficiency concerning the written rejection of UM coverage. Appellee moved to dismiss the complaint on the grounds that appellant had no standing to sue him for an alleged error committed by him in an agency relationship with Mrs. Rybovich. Further, the complaint did not allege that appellee owed any duty to appellant in his dealings with Mrs. Rybovich. The trial court dismissed the complaint with leave to amend. Appellant filed an amended complaint adding the insurance company as a party defendant. Appellee again moved to dismiss on the same grounds cited in his previous motion. The trial court granted the motion with prejudice after appellant refused to amend further. This appeal follows.
Appellant contends that the trial court erred in refusing to allow him to bring a direct action against the insurance agent for that agent's alleged negligence in providing a policy of insurance to the named insured. Citing our recent decision *96 in Hamer v. Kahn, 404 So.2d 847 (Fla. 4th DCA 1981), he asserts that an injured person who is an additional insured or third party beneficiary to an automobile liability insurance policy has a cause of action against an insurance agent who negligently procures the policy involved. While appellant is correct in his reading of our holding in Hamer, a case that also came to us after a motion to dismiss, he fails to discern the crucial difference between his complaint and the complaint filed in Hamer. Hamer alleged in her complaint that she was a third party beneficiary of both the insurance policy and the written contract to procure the insurance. In order to bring a direct cause of action against an agent for his negligence in procuring a policy, one must allege status as a legally recognized beneficiary of the written or implied contract to procure insurance between the agent and the named insured. After a careful review of the complaint in this case, we find that appellant only alleges that he is a third party beneficiary of the insurance policy. Nowhere does he allege that he is a beneficiary of whatever contract existed between the insurance agent and Mrs. Rybovich to procure the policy. The omission of this allegation is fatal to appellant's suit against the agent. In the face of appellant's refusal to amend, we affirm the dismissal with prejudice.
AFFIRMED.
ANSTEAD, J., and OWEN, WILLIAM C., Jr., (Retired), Associate Judge, concur.