GLICKSTEIN, Judge.
This is a consolidated appeal of final summary judgments rendered in favor of defendants/appellees. We affirm as to ap-pellee, Wilson, and reverse as to appellee, Ohio Casualty Company.
In 1981, appellant’s amended complaint against both appellees was dismissed with prejudice as to Wilson but by stipulation between the parties the claim against Ohio Casualty Company was stayed, pending Ri-hon’s appeal against Wilson. We affirmed the dismissal with prejudice, Rihon v. Wilson, 415 So.2d 94 (Fla. 4th DCA), petition for rev. denied, 424 So.2d 762 (Fla.1982). All of the pertinent facts which led to appellant’s action are recited in our earlier decision.
Rihon’s claim as to Wilson, like the proverbial phoenix, keeps rising from its own ashes. However, subject to a contrary result by Florida’s highest court pursuant to any future review of the present decision, we hope to put the claim to rest by affirming summary final judgment in favor of appellee, Wilson. Simply stated, in our view Hamer v. Kahn, 404 So.2d 847 (Fla. 4th DCA 1981), did not create a cause of action previously unavailable to appellant when we first reviewed the case. Wagner v. Baron, 64 So.2d 267 (Fla.1953), is inappo-site because appellant could have stated a recognizable cause of action but failed to do so.
The situation is completely different as to Ohio Casualty Company. Rihon’s claim against it remained in limbo during the Wilson appeal. He had the right to amend his complaint against the insurer, notwithstanding the claim against Wilson had been eliminated. He did so, stated a cause of action, and now has the opportunity on remand to attempt to prove what he has alleged.
HERSEY and BARKETT, JJ., concur.