## SOUTHEAST SERVICES, INC. v. CARLIN

Case No. 84-076 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

January 16, 1985

### APPEARANCES OF COUNSEL

**Mark D. Cohen, Britton, Cohen, Cassel, Kaufman & Schantz**, for appellant.

**John P. Wilkes, O'Neil, Booth & Wilkes**, for appellee.

Before KOGAN, RIVKIND, and SHAPIRO, JJ.

### OPINION OF THE COURT

PER CURIAM.

Appellant raises two issues on appeal. It first contends the lower Court lacked jurisdiction to entertain a Motion for Rehearing when the Motion was filed after oral pronouncement of judgment but prior to entry of a written Final Judgment. Appellant seeks a strict interpretation of Rule 1.530 Fla. Rules of Civil Procedure which states in part: "A motion for . . . Rehearing shall be served not later than ten days

after . . . the entry of judgment in a non-jury action." We disagree with this narrow interpretation. The prematurely filed motion would remain in abeyance until the judgment was entered. Thereafter, the Court has the requisite jurisdiction to rule on the Motion. *Williams v. State*, 324 So.2d 74 (Fla. 1975); *Gries Investment Co. v. Chelton*, 388 So.2d 1281 (Fla. 3rd DCA 1980); and *Lauda v. H.F. Mason Equipment Corp.*, 407 So.2d 392 (Fla. 3rd DCA 1981).

Our conclusion is contrary with regard to the second issue. A voluntary dismissal of an action does not automatically result in an award of costs and/or attorney's fees. Under Section 57.105, Florida Statutes, the defendant must show a lack of a justiciable issue in order to be entitled to such fees. A review of the record provided leads us to conclude there was such a justiciable issue in the instant case. Such issue being present, the trial Court erred in awarding fees pursuant to the aforementioned statute.

Based upon the foregoing, the Final Judgment awarding attorney's fees entered by the lower Court on February 16, 1984, be and the same is hereby vacated. The Order dated December 7, 1983, wherein the Court found the existence of a justiciable issue and taxed costs against plaintiff in the sum of Ninety Three and 44/100 ($93.44) Dollars is reinstated.

Reversed and remanded with instructions.