FRANK, Judge.
The instant appeal arises from the trial court’s order dismissing an amended third party complaint in which the appellants, Frank and Cornelia Mudano, allege, inter alia, that the third party defendant, Frenk-el & Company, Inc., breached an agreement pursuant to which the Múdanos were third party beneficiaries. The underlying facts, extracted from the amended third party complaint, disclose that Mr. Mudano suffered injuries as an occupant in an automobile driven by his employer, Sembler. The accident was caused by the uninsured driver of the other involved car. Sembler had purchased uninsured motorist coverage from Sentry and North River. Sentry’s obligation was limited to $20,000.00 and North River’s did not begin until $500,-000.00. As a result of an arbitration award determining that Mr. Mudano suffered damages in the amount of $385,000.00, and Mrs. Mudano’s consortium claim entitled her to $50,000.00, a “gap” existed in the coverage provided by Sentry and North River leaving the arbitral award incapable of satisfaction. In response to the terse arbitration decision imposing liability upon North River in the total amount of $435,-000.00, North River initiated a declaratory judgment action alleging a number of contentions not pertinent to this proceeding. That action, however, provided the Múda-nos with a vehicle to assert the third party action against Frenkel which was dismissed by the trial court.
The central question we answer is whether the Múdanos can validly claim status as third party beneficiaries of a contract created between Sembler, the insured, and Frenkel, the agent who provided Sembler’s insurance coverage. Although this court has not passed upon the question, the Fourth District in Hamer v. Kahn, 404 So.2d 847 (Fla. 4th DCA 1981), recognizing “the numerous obstacles which ... must be overcome before any court will ever be presented with” whether the so-called third party beneficiary can recover against the insurance agent, has in principle approved such a cause of action. We adopt Hamer and emphasize that the third party beneficiary claim arises not from the contract of insurance, but rather, from whatever contractual undertaking the insurance agent was committed to in providing protection to the purchaser of the policy. Rihon v. Wilson, 415 So.2d 94 (Fla. 4th DCA 1982). In the matter before us, the Múdanos have *1185 pleaded the existence of an agreement between Sembler and Frenkel which, but for the negligent breach by Frenkel, would have provided coverage sufficient to satisfy the arbitral award.
Accordingly, we vacate the order dismissing Múdanos’ third party complaint and remand the matter for further proceedings consistent with this opinion.
RYDER, C.J., and HALL, J., concur.