STEVENSON, Judge.
Appellant, Linda Kartell, appeals the dismissal with prejudice of her three-count Third Amended Complaint against New Horizons of the Treasure Coast (“New Horizons”). We reverse as to two of the counts, but affirm as to the third.
While employed by New Horizons, a mental health facility, appellant decided to acquire a Masters of Social Work degree and a Clinical Social Work license. Successful completion of these programs required that appellant complete clinical “practicums,” and New Horizons arranged for appellant to complete a practicum at New Horizons itself.
Count I of the Third Amended Complaint alleges that appellant and New Horizons *741 had orally agreed that appellant would continue her employment and perform services for New Horizons, in return for which New Horizons would, inter alia, accurately maintain and report appellant’s supervised clinical hours to State licensing agencies. Appellant alleges that she fully performed her contractual obligations, but New Horizons failed, or refused, to accurately maintain records of appellant’s hours and report those hours to the appropriate State licensing agencies. As a result, appellant alleges a delay in obtaining her license and lost wages. Attached to the Third Amended Complaint is a “memorandum” which allegedly “memorialized” the oral contract. The “memorandum” is captioned “Barry University School of Social Work, Second Year Field Instruction Evaluation,” and appears to be an interim evaluation of appellant, which makes a passing reference to appellant’s practicum at New Horizons.
Count II of the Third Amended Complaint is a claim for “trade libel and slander.” It alleges that on or about August 13, 1992, New Horizons unlawfully damaged appellant’s business reputation by filing various false statements with the State licensing authorities.
Count III is a claim for “intentional interference with an advantageous business relationship.” This Count alleges that New Horizons’ failure to maintain and report appellant’s practicum hours delayed her licen-sure and caused a loss of income; loss of prospective business relationships; loss of business reputation; and various emotional damages.
New Horizons moved to dismiss the Third Amended Complaint. With respect to the breach-of-contract claim, New Horizons argued for dismissal for failure to state a claim since (1) the “memorandum” attached to the complaint “can in no way be construed as a contract between New Horizons and Kar-tell”; and (2) “Plaintiff cannot state a claim for breach of contract because, under Florida law, employment is deemed to be at will,” and appellant had not alleged the existence of a fixed-term employment contract.
New Horizons argued that the claim for “trade libel and slander” (Count II) was time-barred under the applicable two-year statute of limitations since appellant was attempting to “resurrect” a defamation claim which had been pled in the original complaint, but which was “voluntarily dismissed” when appellant failed to re-allege it in the Amended Complaint. Indeed, appellant raised a very similar claim for defamation in her original complaint which was filed on June 6, 1994, within the two-year statute of limitations.[1] Except for this defamation claim, all counts of the original complaint were dismissed for failure to state a claim, and appellant was permitted to file an amended complaint. Appellant’s Amended Complaint, however, raised only a single claim, based on breach of contract, and did not re-allege the defamation claim. On January 8, 1996, after the two-year statute of limitations had run, appellant filed a Second Amended Complaint raising claims for breach of contract; intentional interference with advantageous contractual relationship; trade libel and slander; and intentional interference with an advantageous business relationship. On February 19, 1997, appellant filed her Third Amended Complaint, which is the subject of this appeal.
Concerning the claim for “intentional interference with an advantageous business relationship” (Count III), New Horizons argued that this claim likewise was time-barred since it was raised for the first time in the Third Amended Complaint, after the four-year statute of limitations had ran.
After a hearing, the trial court granted New Horizon’s Motion to Dismiss with prejudice. This appeal followed.
Although the trial court dismissed all three counts of the Third Amended Complaint, appellant specifically challenges only the dismissals of Counts I and II. We, therefore, affirm the dismissal of Count III. We conclude, however, that appellant’s challenges to *742 the dismissals of Counts I and II are meritorious.
Count I — Breach of Contract
We find that the trial court erred in concluding that appellant’s breach-of-contract claim failed to state a cause of action. New Horizons argues, as it did below, that Count I fails to state a cause of action since Florida law does not recognize a claim for unlawful termination of employment in the absence of an employment contract for a fixed term, and that no such contract has been alleged in this case. This argument is misplaced, as appellant is not suing for unlawful termination of her employment; rather, her claim is based on New Horizons’ breach of an alleged contract pertaining to her “practicum.” Specifically, appellant has alleged that New Horizons failed, or refused, to maintain and report her completed practicum hours to the State licensing authorities, thereby delaying her licensure. This claim has nothing to do with a wrongful termination of employment; thus, the rule that an at-will employee has no cause of action for unlawful termination does not preclude this breaeh-of-contract claim. See Citizens Nat’l Bank & Trust Co. v. Stockwell, 675 So.2d 584 (Fla.1996)(allowing at-will employees to sue for severance benefits under a breach-of-contraet theory, explaining that this contractual claim was not the same as a wrongful termination claim).
We also find that the trial court erred in determining that appellant failed to comply with Rule of Civil Procedure 1.130(a), which requires that all contracts upon which an action is brought be incorporated in, or attached to, the pleading. In this case, appellant has alleged the existence of an oral contract; thus, there is no writing to attach. While we agree with New Horizons that the “memorandum” attached to the Third Amended Complaint is by no means a contract of any kind between appellant and New Horizons, this is no reason to dismiss the Count. Whether the memorandum will have evidentiary value in proving the existence of the alleged oral contract remains to be seen, but as an attachment to the complaint, it is, at worst, merely superfluous. We, therefore, reverse the dismissal of Count I.
Count II — Trade libel and slander
We also reverse the trial court’s dismissal of Count II. We believe that this Count of the Third Amended Complaint, which was filed after the two-year statute of limitations had run, relates back to the defamation claim of the timely-filed initial Complaint even though an intervening amended complaint omitted this claim. Contrary to New Horizons’ assertion, the omission of this claim in the Amended Complaint did not constitute its “voluntary dismissal.” See Deseret Ranches of Fla., Inc. v. Bowman, 340 So.2d 1232, 1233 (Fla. 4th DCA 1976)(explaining that only an entire action — not an individual count — can be “voluntarily dismissed”). Rule of Civil Procedure 1.190(c) provides that a claim raised in an amended pleading relates back to claims arising out of the same conduct, transaction, or occurrence which were timely pled in “the original pleading.” Pursuant to Florida’s policy of liberally allowing amendments to pleadings, which is embodied in Rule 1.190, we believe that the relation-back doctrine applies in the instant circumstance.[2] Therefore, we reverse the trial court’s dismissal of Count II.
AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.
POLEN and SHAHOOD, JJ., concur.

. The original complaint also raised claims for breach of contract, fraudulent misrepresentation. and detrimental reliance.

. Of course, where the opposing party would be unduly prejudiced by the "resurrection" of a claim, the trial court may, in its discretion, deny leave to amend the complaint. See New River Yachting Ctr. v. Bacchiocchi, 407 So.2d 607 (Fla. 4th DCA 1982).