420 So.2d 904 (1982)
Truman S. STEPHENS, Appellant,
v.
SOUTHERN FURNITURE TRANSPORTS, INC. and Liberty Mutual Insurance Company, Appellee.
No. AL-337.
District Court of Appeal of Florida, First District.
October 19, 1982.
Steven Burrage of Robert D. Melton, P.A., Orlando, for appellant.
Bernard J. Zimmerman and Michael M. O'Brien of Akerman, Senterfitt & Eidson, Orlando, for appellee.
MILLS, Judge.
Stephens, claimant in this workers' compensation case, files this petition for writ of certiorari, alleging that the deputy commissioner erred when, without a prior hearing, he signed an order compelling discovery of Stephens' 1980 income tax return. The petition is granted. We set aside the order of the deputy commissioner and remand for compliance with Rules 1.350 and 1.380, Florida Rules of Civil Procedure.
On 1 March 1982, the employer/carrier filed with the deputy commissioner a motion to produce and an application for a hearing on that motion. The motion to produce requested discovery of Stephens' 1980 income tax return within thirty days. A copy of the motion was sent to Stephens. However, before the thirty-day period had expired, the employer/carrier sent to the *905 deputy commissioner a proposed order compelling discovery of the tax return. This order the deputy commissioner signed with no hearing and with no notice to Stephens.
Pursuant to Section 440.33(1), Florida Statutes (1981), the deputy commissioner has the authority to "compel ... the production of books, papers, documents, and other evidence...." We hold that in exercising this authority, the deputy commissioner must comply with the Florida Rules of Civil Procedure.
In an ordinary civil case, discovery is usually conducted by the parties without need for court intervention. Thus, Rule 1.350, Florida Rules of Civil Procedure, allows the discovering party to request the production of documents from the other party. Under that rule, the party to whom the request is directed has thirty days to respond. Any response must state either that inspection and related activities will be permitted as requested, or it must state the reasons for objection to inspection, if any. If one party refuses or objects to discovery, then the discovering party may move to compel discovery pursuant to Rule 1.380, Florida Rules of Civil Procedure.
In this case, Stephens was never given an opportunity to present any objections to the employer/carrier's motion to produce. The deputy commissioner signed the order before the thirty-day period had expired and he did so without any notice to Stephens. On remand, Stephens should be allowed to show why discovery of his 1980 tax return should not be permitted.
Reversed and remanded.
ERVIN and WIGGINTON, JJ., concur.