PER CURIAM.
The motion for rehearing is granted. The opinion filed in this case on September 13, 1984, is withdrawn, and the following opinion is substituted in lieu thereof:
The Workers’ Compensation Rules Committee of The Florida Bar has petitioned this Court to approve amendments to the Florida Workers’ Compensation Rules of Procedure. Attached to the report of proposed rule changes is a minority report urging the Board of Governors of The Florida Bar not to recommend the proposed amendment to rule 11.[1] The Board voted unanimously to approve all of the proposed rule changes with the exception of those affecting rule 11. The Board voted to take no position on rule 11 due to the close vote by the Committee. Notice of the proposed amendments was published in The Florida Bar News. One objection to the proposed amendment to rule 11 was filed with this Court.
We have received no adverse comments regarding the remainder of the proposed amendments. We have carefully considered the petition, the report of proposed rules changes, the minority report, the one *899 objection filed, and oral argument. We hereby approve all proposed amendments:[2]
Rulo 1. Rule 4.010
Rule 2.. Rule 4,020
Rule-3, Rule 4.030
fiul»4 Rule 4.040
Rule 5, Rule 4,050
Rule-6; Rule 4.060
Rule-4 Rule 4.070
Rule 8. Rule 4,080
Buie-3, Rule 4.090
Rule 10.. Rule 4.100
Rule 11; Rule 4.110
Rule-42, Rule 4.120
Rule-13. Rule 4,130
Rule-44 Rule 4.140
Rule45, Rule 4.150
Rule 16. Rule 4.160
Rule 44 Rule 4.170
Rule 18. Rule 4.180
Rule 43, Rule 4.190
Rule-20; Rule 4,200
Rule-24 Rule 4.210
Rule -22, Rule 4.220
Rule 23, Rule 4.230
Rule-24Rule 4,240
Rule-25, Rule 4.250
Rule 26, Rule 4.260
Rule 24 Rule 4.270
Comment — Conforms Workers’ Compensation Rules of Procedure to all other Florida rules numbering methods and increases flexibility in the amendatory process while preserving sequential interpretive history of existing rules.
RULE 4.030 FILING AND SERVICE
(c) SERVICE BY MAIL. When service is effectuated by mail, five days shall be added to the time allowed for the performance of any act required to be done, or allowed to be done, within a certain time after service. (This sub-section does not apply to the filing requirements for institution of appellate proceedings or Notices of Hearing).
Comment — 1984 Revision: Clarifies Rule 3(c) and 8(a) by specifically excluding fifteen (15) day hearing notice from operation of Rule 3(c).
RULE 4.050 CLAIMS
Claims and notices to controvert shall be filed with the Division at its office in the City of Tallahassee. Claims shall be subject to adjudication or dismissal only by order of the Deputy Commissioner or reviewing court.
Comment — 1984 Revision: Derived from section 440.271, Florida Statutes and Rule 20, Florida Workers’ Compensation Rules of Procedure. Providing for exclusive adjudicatory powers in workers’ compensation matters with the Deputy Commissioner or reviewing court rather than the Division of Workers’ Compensation.
RULE 4.070 APPLICATION FOR HEARING
An application for hearing concerning a claim, made pursuant to Chapter 440, Florida Statutes, shall state concisely in separate numbered paragraphs the reasons for requesting hearing, and the questions at issue or in dispute which the applicant expects the Deputy to hear and determine, with sufficient particularity that the responding or opposing parties may be notified of the purpose of the hearing, including the issues to be heard and determined and specific benefit due and not paid. Application for the first hearing or trial in a cause shall be filed with the Division at Tallahassee. Upon receipt of an application for hearing, all materials filed with or received by the Division shall be incorporated in the file for forwarding to the appropriate Deputy Commissioner who will conduct the hearing. All subsequent materials received or filed also shall be immediately forwarded to the Deputy Commissioner. Applications for any subsequent hearings in that cause shall be filed with the Deputy to whom the case has been assigned, with a copy to the Division. A copy of the application shall be served on counsel for each party and a copy upon any party not represented by counsel. Failure to serve a copy of the application as required shall be grounds for a continuance or cancellation of the hearing.
*900 Comment — 1984 Revision: Implements section 440.25(3)(a), Florida Statutes.
RULE 4.080 NOTICE OF HEARING ON CLAIM: ORDER BY DEPUTY COMMISSIONER
(a)The Deputy shall hold a hearing within ninety (90) days after application for the same, and shall give serve the claimant and other interested parties, at their last known addresses, with at least fifteen, (15) days notice by certified regular mail. The notice shall state with particularity the questions at issue or in dispute which the Deputy will hear and determine. Service of notice of hearing shall be complete upon mailing. Comment — 1984 Revision: Conforms hearing notice requirements to section 440.-25(3)(a), Florida Statutes, as amended to delete requirement of certified mail service, and provides clarification of time periods involved to the effect that minimum fifteen (15) days notice is measured from the date notice is mailed.
RULE 4.090. DISCOVERY
(a) Depositions. Depositions of witnesses or parties, residing within or without the State, may be taken and may be used in connection with proceedings under Chapter 440, Florida Statutes, either upon the order of a Deputy Commissioner or at the instance of any party or prospective party to such proceedings. Depositions may be -taken prior-to-the institution of a claim, if the claimant-is represented-by-an attorney-r-or after the -filing of the claim, in the same manner and-for the same purposes as provided in the Florida Rules of Civil Procedure.
(b) Production of Documents and Entry on Land. The parties shall be subject to discovery procedures dealing with the production of records and other tangible things, and entry upon land or other property for inspection or other purposes within the scope of discovery. The parties shall have thirty (30) days to serve a written response after service of any request under this rule.
(c) Production of Documents from Non-Parties. The parties may also seek the production of documents and other tangible things, within the scope of discovery, for inspection and copying from a person who is not a party pursuant to applicable Florida Rules of Civil Procedure-
Id) Jurisdiction. The Deputy Commissioner shall have jurisdiction to take appropriate action to compel discovery, and may, as circumstances warrant, enlarge or shorten the applicable time for complying with discovery.
(e) When Discovery May be Had. Discovery under this rule may be had prior to the institution of a claim, if the claimant is represented by an attorney, or after the filing of a claim, in the same manner and for the same purposes as provided in the Florida Rules of Civil Procedure.
(f) Other Discovery. Interrogatories, Requests for Admission, and other forms of discovery not authorized by this rule shall not be used or permitted in workers’ compensation proceedings.
Comments — 1984 Revision: Subsections (b) through (f) are new and formalize additional forms of discovery already widely used in workers’ compensation proceedings. This rule specifically declines to adopt interrogatories or requests for admission as unduly cumbersome and contrary to the overriding policy consideration for the expeditious resolution of an injured worker’s rights. Although discovery is generally intended to be self-administrating, it is subject to the supervision of the Deputy Commissioner. Stephens v. Southern Furniture Transports, Inc., 420 So.2d 904 (Fla.1st DCA 1982). This rule does not modify and is consistent with the powers and authority conferred upon the Deputy Commissioner pursuant to section 440.33, Florida Statutes.
RULE 4.100 PRETRIAL PROCEDURE
(a) GENERALLY. The Deputy may, on his own motion, or shall on the motion of any party to the action, order hold a pretrial conference, at which the parties shall:
*901 (1) State and simplify the claims, defenses, and issues.
(2) Make appropriate amendments to the claims and defenses.
(3) Stipulate and admit to such facts and documents as will avoid unnecessary proof.
(4) Present, examine, and mark for identification, all exhibits. Impeachment and rebuttal exhibits need not be revealed.
(5) Furnish opposing party the names and addresses of all witnesses. Impeachment witnesses, and rebuttal witnesses thereto, need not be revealed.
(6) Exchange all available written reports of experts where expert opinion is to be offered at trial. The reports should clearly disclose the expert opinion and its basis on all subjects on which the expert will testify. If stipulated into evidence, the parties shall present the reports to the deputy to be so marked. The parties shall consider and determine a limitation on the number of expert witnesses.
(7) Estimate trial time.
(8) Consider and determine such other matters as may aid in the disposition of the cause.
(b) NOTICE: The Deputy shall, fey-or-⅛⅛ give the parties at least fifteen (15) days notice of the pretrial conference. If a party or his attorney fails to attend the conference without good cause, the Deputy may dismiss the claim or strike the defenses, or take such action as may be authorized by law. The Deputy may cancel the pretrial conference upon submission of a exhibits and medical reports attached.
Comment — 1984 Revision: Provides that a party has the right to a pretrial conference upon request. Deletes requirement of notice of pretrial by order.
RULE 4.110 PROSECUTION OF CLAIM BEFORE DEPUTY COMMISSIONER
(a) When a trial has been set by a Deputy Commissioner, all parties shall diligently prosecute and defend the claim. The Deputy Commissioner may cancel or continue a trial on his own motion or on the motion of a party if he finds that the cancellation or continuance is for good cause which has not resulted from lack of diligence in the prosecution or defense of the claim. A notice of voluntary dismissal is without prejudice, except that a second notice of voluntary dismissal by the Claimant operates as an adjudication of denial of any claim for the same benefit or benefits previously the subject of a voluntary dismissal.
(b) Any claim, or any petition to modify, in which it affirmatively appears that no action has been taken by request for hearing, filing of pleadings, order of Deputy Commissioner, payment of compensation, provision of medical care, or otherwise for a period of two-years one year, is subject to dismissal for lack of prosecution. Upon motion to dismiss filed by any interested party, or upon request of the Deputy Commissioner before whom the action is pending, the file shall be forwarded to the appropriate Deputy Commissioner who shall, after-reasonable notice to the par-ties after service of notice to the parties by regular mail, at their last known addresses, and opportunity for hearing, dismiss the claim or petition, unless a party shows good cause why the claim or petition should remain pending.
Comment — 11. (a) 1984 Revision: Conforms workers’ compensation procedure with Florida Rule of Civil Procedure I.420(a)(1). Voluntary dismissal of the same claim or claim for the same benefits is with prejudice and operates as a denial of.the claim for those benefits.
II. (b) 1984 Revision: Conforms nonpro-secution time period to civil practice period of one year.
RULE 4.141 MOTION FOR REHEARING: VACATING, AMENDING ORDER OF DEPUTY COMMISSIONER,
(a) Rehearing. Any party may file with the Deputy Commissioner a motion for rehearing directed to an order not yet final by operation of Section 440.25, Florida Statutes. Such a motion shall state with specificity the grounds on which it is based. *902 The filing of such motion does not toll either the time within which an order becomes final or the time within which an appeal may be filed.
(b) Amending, Vacating Orders. At the Deputy Commissioner’s discretion, an order not yet final by operation of Section 440.25 may be either vacated or amended at either the Deputy’s own initiative or pursuant to motion for rehearing. Grounds for vacating an order may include circumstances in which it appears to the Deputy that due consideration of a motion for rehearing may not be practicable within the time remaining under Section 440.25, Florida Statutes.
(c) Nothing in this rule shall be construed to interfere with the Deputy Commissioner's jurisdiction to either approve of settlements or correct clerical errors, as specified under Rule 4.160(a) of these rules. Comment — This new rule affords parties a rehearing process in response to such First District Court of Appeal pronouncements as are found in Acosta Roofing Co. v. Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981) and Dade American Hospital Supply v. Perez, 417 So.2d 296 (Fla. 1st DCA 1982). Though time for filing appeal is not tolled by the filing of a motion for rehearing, subsection (b) specifically invites use of a deputy’s power to vacate as a means of affording the parties additional time for processing a motion for rehearing where circumstances warrant. This flexible process was deemed preferable to the tolling of the appellate filing period in every case of motion for rehearing.
Subsection (b) codifies the long established practice in workers’ compensation litigation: A Deputy Commissioner retains jurisdiction over an order that has not yet become final. The rule implicitly adopts the majority view in Drexel Properties, Inc. v. Brown, 443 So.2d 150 (Fla. 1st DCA 1983), giving the deputy wide latitude in determining whether to amend or vacate an order.
RULE 4.160 APPELLATE REVIEW
(a) NOTICE OF APPEAL. Notice of appeal of an order of a Deputy shall be filed with any Deputy or with the First District Court of Appeal, within thirty (30) days of the date copies of the Deputy’s order were mailed to the parties. Notice of appeal shall contain a certificate of appellant (or cross-appellant) or counsel setting out the periods and classifications of benefits and medical treatment affected by the appeal. Appellant shall file the original and one copy of the notice, accompanied by a $50.00 filing fee, by check or money order, payable to the Clerk of the District Court. Jurisdiction of the District Court is invoked as of the date of filing of the notice of appeal with any Deputy or the Clerk of the First District Court of Appeal. The Deputy Commissioner shall have jurisdiction for the purpose of approving settlements or correcting clerical errors in the order appealed at any time prior to the filing of the record on appeal in the First District Court of Appeal. The Deputy Commissioner shall have jurisdiction to determine whether there has been an abandonment under Rule 4.161.
Comment — 1984 Revision: Provides that both the District Court of Appeal and the Deputy may accept notices of appeal.
Jurisdiction before the filing of the record on appeal is retained by the Deputy in regard to certain administrative tasks and no remand of jurisdiction from the District Court is necessary.
The final sentence of sub-section (a) complements the new Rule 4.161, and is intended to avoid possible confusion over jurisdiction to determine whether there has been an “abandonment” in what are presumed by the committee to be those rare circumstances in which “abandonment” is not plainly apparent.
RULE 4,161. EFFECT OF APPEAL ON BENEFITS AWARDED
(a) Benefits Unaffected By Appeal. Benefits ordered paid and not certified by appellant (or cross-appellant) to be affected by appeal under Rule 4.160(a) of these rules are governed by Section 440.20 Florida Statutes.
*903 (b) Benefits Affected By Appeal. Benefits ordered paid which are certified under Rule 4.160(a) of these rules by appellant (or cross-appellant) as being affected by the appeal may be withheld pending outcome of the appeal under the authority of Section 440.20 Florida Statutes unless the appellant’s (or cross-appellant’s) challenge to the award of any such benefits so certified is deemed abandoned as provided by subsection (c) of this rule.
(c) Abandonment. Any challenge to benefits certified as affected by appeal under Rule 4.160(a) of these rules, but not raised, argued or encompassed in appellant’s (or cross-appellant’s) initial brief, shall be deemed abandoned by the appellant (or cross-appellant).
(d) Payment of Benefits Where Challenge Is Abandoned. Where any certification affecting benefits challenged on appeal under Rule 4.160(a) of these rules is deemed abandoned under sub-section (c) of this rule, benefits no longer affected by the appeal are payable and due within thirty (30) days of service of the initial brief deemed to have abandoned the challenge to benefits previously certified as affected by appeal, together with interest, as provided under Section 440.20, Florida Statutes, from the date of entry of the Deputy’s order making the award.
(e) Payment of Benefits After Unsuccessful Appeal. Benefits ordered paid which have been certified as being affected by appeal pursuant to Rule 4.160(a) of these rules and withheld pending outcome of appeal become due and payable if appeal is unsuccessful with respect to any such withheld benefits, within thirty (30) days of the issuance of the District Court’s mandate unless stay is obtained, pursuant to review sought with the Florida Supreme Court, in which case benefits become due, if such review is unsuccessful, within thirty (30) days of the Supreme Court’s final disposition of the cause, together with interest as provided under Section 440.20 Florida Statutes, from the date of entry of the Deputy’s order making the award.
Comment — This comprehensive new rule is intended by the rules committee to clarify within the context of existing authority the status of benefits ordered paid where an appeal is taken, which may or may not have an impact on all benefits awarded, from inception through final disposition of appeal.
The rule codifies authority to the effect benefits certified as being challenged on appeal may be withheld pending disposition on appeal, provided, however, the appellant may either relinquish or forfeit this privilege by abandoning a contemplated challenge to benefits awarded. There are two consequences of an abandonment during the pendency of an appeal with respect to any benefit previously certified as affected by appeal. First, payment of the previously challenged award becomes due under the time table specified under subsection (d) of this rule. The second consequence is jurisdiction reverts back to the Deputy Commissioner under Rule 4.200(b)(3) (formerly Rule 20) over any matter no longer encompassed by an appeal where jurisdiction would otherwise have been suspended by operation of the certification previously in force.
Sub-section (c) defines abandonment. Counsel are encouraged to utilize this procedure [which complements the “certification” process of Rule 4.160(a) (formerly Rule 16)] as a means of withdrawing an issue from contention and of expediting payment of benefits during the pendency of an appeal where further reflection (often aided by study of the record on appeal) suggests that an award originally thought to be erroneous may not be reversible as a practical matter.
The language “not raised, argued or encompassed” in appellant’s initial brief is broad so as to avoid dispute in cases where an award may be “encompassed” by an argument (such as the award of an expert witness fee in appeal directed to the threshold issue of “course of employment”). Obviously, the better practice is to be as explicit as practicable so as to avoid dispute. The Deputy does retain jurisdiction under *904 Rule 4.160(a) to make a determination as to whether or not there has been an abandonment, in those unique instances in which the parties cannot otherwise agree.
Though not specifically encompassed by the rule, it is the committee’s belief that a full voluntary dismissal of appeal, implicitly permissible in workers’ compensation appeals, would, with respect to status and time for payment of benefit withheld pending appeal, operate effectively as an “abandonment” under this rule.
Subsection (d) clarifies the time within which payments are to be made following either an abandonment or unsuccessful disposition of appeal. As in all other cases, enforcement in case of default is governed by section 440.24, Florida Statutes.
RULE 4.180 RECORD ON APPEAL
(a) WHAT CONSTITUTES.
(1) The record on appeal shall contain the claim, notice to controvert, pretrial order and stipulation, transcript of proceedings before the Deputy, and order on appeal. The record shall also contain, by designation of a party, such other orders and pleadings as are necessary for the Court’s determination of the appeal. Only such exhibits, depositions and physical evidence as are introduced into evidence before the Deputy, designated by the parties for inclusion, and necessary for the Court’s determination of the appeal shall be included. If the order appealed requires consideration by the Court of matters which have not been admitted as evidence, such material as is necessary to the Court’s determination shall be included by designation. Evidence proffered, but not admitted into evidence by the Deputy, shall not be included in the record unless its admissibility is an issue on appeal and it is designated for inclusion by one of the parties. No paperi-document? exhibit or administrative filing not introduced into evidence and pertinent to-the issues on appeal shall be included in the record.
(f) RELIEF FROM COSTS.
(1) An appellant may be relieved from payment of any necessary filing fee by filing a Verified Petition of Indigency for approval as provided in Section 57.081(1), Florida Statutes.
(2) An appellant may be relieved in part or in whole from the costs for the preparation of the record on appeal, and-may be reimbursed--the costs of filing previously made-pursuant to the provisions-of ■ Rule 16(a), if within fifteen (15) days from after the date notice of the estimated costs for the preparation is served, he files with the Deputy a verified petition to be relieved of costs. The verified petition for record costs shall contain a detailed and sworn statement of all his assets, liabilities, and income. Appellant’s attorney or the appellant, if not represented by an attorney, shall include as a part of the verified petition for record costs an affidavit or affirmation that in his opinion the notice of appeal was filed in good faith and that the issues — to—be-presented- on appeal constitutes a there is a probable basis for the District Court to find reversible error. A copy of the verified petition for record costs shall be served upon the Division in Tallahassee and all other interested parties, and the Clerk. The Deputy shall promptly conduct a hearing on the verified petition giving at least fifteen (15) days notice to the appellant, the Division, and all other interested parties, which shall all be parties to the proceeding. The Deputy may enter an order without such hearing if no objection is filed by the Division or an interested party within twelve (12) days from the date the verified petition for record costs is filed. Said proceedings shall be conducted in accordance with the Workers’ Compensation Rules of Procedure to the extent applicable. The sixty-day period for the preparation and filing of the record on appeal and, in the case of a denial of said petition, the fifteen-day period for depositing the amount of record costs required, will then commence when the Deputy’s order thereon has become final (with an information copy provided to the Division and the District Court). Upon a finding-by-the Deputy that -the appellant may-be-relieved-in-part or-in-whole from the costs for-the-pr-epar-ation of the-record on appeal, the Division *905 shall reimburse the appellant the amount of the filing fee required by Rule 16(a)- |n the event an insolvency petition is granted, the Deputy may provide for payment of the record costs from the Workers’ Compensation Administration Trust Fund pending final disposition of the costs of appeal by a court or Deputy Commissioner.
Comment — 1984 Revision: 18(a)(1) Redundant language deleted. Earlier language in 18(a)(1) discusses what is to be included in the record.
18(f)(1) (New) Conforms workers’ compensation to general appellate practice, implementing section 47.081(1), Florida Statutes. 18(f)(d) (Newly Numbered) Clarifies language in conformity with Florida Workers’ Compensation Rule of Procedure 18(f)(1) to distinguish between filing fees and record costs.
RULE 4.210 JURISDICTION; PROPOSED SETTLEMENT; MOTION FOR REMAND; APPELLATE COSTS
(a) JURISDICTION. Upon application to the District Court for review of an order of a Deputy, jurisdiction of the cause to the extent of the issues raised is vested in the District Court and the Deputy shall have no further jurisdiction, in respect thereof, save with respect to preparation of the record on appeal, cost of said preparation, and extension of time for filing of same, and with respect to a stipulation, settlement or correction of clerical errors in the order appealed prior to filing of the record, or as provided by these rules. A party may, however, file a motion with the District Court requesting remand of the cause to the Deputy for further proceedings.
(b) PROPOSED SETTLEMENT. Upon stipulation of the parties, the Deputy may take testimony or cause to be investigated a proposal for settlement of all or any part of the cause before the District Court on review with the objective of determining whether or not upon remand, he would approve such settlement proposal. An order approving such settlement which is entered while the cause is pending appellate review, after filing of the record and prior to the remand of the cause to the Deputy¿ shall be null and void.
(c) MOTION FOR REMAND. Upon a joint motion of the parties stating that a proposed settlement agreement has been reached, the District Court may remand the cause to the Deputy for consideration of the proposed settlement and the entry of an appropriate order, within the time provided by the District Court.
(d) APPELLATE COSTS. Any order approving a settlement shall make appropriate provisions for assessment and recovery ' of appellate costs.
Comment — 21(d) (New) Places burden on deputy commissioner to determine any outstanding appellate cost issues (whether born by a party, or by the Division of Workers’ Compensation) at time of settlement.
RULE 4.250 MOTION FOR REHEARING.
A Motion for Rehearing or for Clarification of decision may only be filed only within fifteen (15) days of the decision unless the time is extended by order of the Court applied for within the fifteen (15) day period. The motion shall state with particularity the points which the Court has overlooked or misapprehended and shall not re-argue the merits of the Court’s order. A reply may be served within ten (10) days of service of the motion. The time allowed for filing a notice or petition in or to the Supreme Court of Florida is tolled pending final disposition of a Motion for Rehearing or for Clarification hereunder.
Comment — 1984 Revision: Clarified existing law and conforms Florida Workers’ Compensation Rules of Procedure with Florida Rules of Appellate Procedure 9.330 and 9.300.
The amendments will be effective 12:01 a.m., January 1, 1985.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH

. The proposed amendment to rule 11, regarding prosecution of a claim before a deputy commissioner, would provide that a claimant’s second notice of voluntary dismissal is with prejudice and would shorten the two-year dismissal period for lack of prosecution to one year.

. The committee’s comments are included for explanation and guidance only and are not adopted as an official part of the rules.