513 So.2d 1369 (1987)
Amador RASSI, Appellant,
v.
DISPATCH SERVICE GROUP and Greyhound Corporation, Appellees.
No. BO-120.
District Court of Appeal of Florida, First District.
October 22, 1987.
Robert K. Estes, Coral Gables, for appellant.
Mark L. Zientz, Coral Gables, for appellees.
BARFIELD, Judge.
Finding the deputy erred in dismissing the claim for workers' compensation benefits as untimely filed, we reverse.
The claimant took a voluntary dismissal of his claim during a March 8, 1984 hearing with the understanding that the two-year statute of limitations would not run on his claim until March 24, 1986. Six days later, the claim was refiled. On May 11, 1984, the deputy entered an order dismissing the claim without prejudice, based on the ore tenus motion made on March 8, 1984. After several months of inactivity, the claimant wrote the Division of Workers' Compensation in November, 1984 seeking to have the claim set for hearing. Included in his hearing request was a copy of the previously filed claim.
On January 11, 1985, the parties entered a pretrial stipulation which indicated that the claim was filed on December 6, 1984. The E/C raised the statute of limitations as a defense. During the merits hearing, the E/C took the position that the May 11, 1984 order on the voluntary dismissal had the effect of dismissing the refiled claim of March 14, 1984 and that the claim was not filed until the request for hearing was submitted *1370 in December, 1984. The deputy commissioner apparently agreed with this view in dismissing the claim as barred by the statute of limitations.
Workers' Compensation Rule of Procedure 4.110(a) allows voluntary dismissals without prejudice, except that a second voluntary dismissal operates as an adjudication of any claim for the same benefit or benefits previously the subject of a voluntary dismissal. The 1984 committee note states that this rule conforms workers' compensation procedure with Florida Rule of Civil Procedure 1.420(a)(1) which deals with voluntary dismissals. Under that rule an action may be dismissed by a plaintiff without order of court during trial by stating on the record a notice of dismissal anytime before the case is submitted to the trier of fact. Hinton v. Iowa National Mutual Insurance Co., 317 So.2d 832 (Fla. 2d DCA 1975), cert. denied, 328 So.2d 842 (Fla. 1976). This right is absolute and the trial court has no discretion in granting or denying such a dismissal by a plaintiff. State Department of Natural Resources v. Hudson Pulp & Paper Corp., 363 So.2d 822 (Fla. 1st DCA 1978). Once a plaintiff takes a voluntary dismissal, the suit terminates and the trial court is without jurisdiction to take any further action in the case. Gonzalez v. Turner, 427 So.2d 1123 (Fla. 3d DCA 1983) Thus, the deputy's order of May 11, 1984 dismissing the claim was essentially a nullity as the claimant had an absolute right in this case to a voluntary dismissal without order of the deputy. That order of dismissal could not have dismissed the intervening refiled claim of March 14, 1984, as the deputy lacked jurisdiction to dismiss it. Further, the May, 1984 dismissal order expressly states it grants the ore tenus motion for dismissal made on March 8, 1984. Even if the voluntary dismissal order had any effect, it could not have "granted" any more relief than appellant requested in stating a voluntary dismissal of the claim. Appellees' argument that the order could dismiss the refiled claim is frivolous. As a matter of law, it could not have dismissed the refiled claim.
The record amply reflects that a timely claim was filed. The claimant presented to the deputy on motion for rehearing the issue of the mistake in the stipulation as to the date of the claim. The deputy failed to correct this obvious mistake that was at variance with the facts that were before him. Wright v. Golf Drive Residence, Inc., 412 So.2d 884 (Fla. 1st DCA), petition for review denied, 419 So.2d 1198 (Fla. 1982). This claim was filed within two years of the last payment of compensation and therefore was timely filed. The order is REVERSED and the case REMANDED for further proceedings consistent with this decision.
BOOTH and WIGGINTON, JJ., concur.