STONE, Judge.
The appellant, third party plaintiff, asserts that it was error to include language in the final judgment that referred to a portion of the third party claim which had previously been dropped. Appellant is entitled to review by having timely filed this appeal from the final judgment.
Appellant’s claim included one count of fraud and one count of breach of contract. Included within the fraud claim was the allegation that appellee’s conduct violated the Florida Deceptive and Unfair Trade Practices Act. At the conclusion of appellant’s case, the following colloquy occurred:
MR. SHENKMAN: Well, Your Honor, I’m going to elect remedies right now. You might as well confirm the — I may have been premature. I want to take it one at a time. Let me take them all and then go through them.
THE COURT: Okay.
MR. SHENKMAN: I’m going to elect now to travel on Count I on the common law fraud, and I’m going also to elect on Count II to travel on breach of contract. I’m going to not travel on the Deceptive Trade Practice Act, which was merely a jurisdictional allegation raised in the Complaint.
MR. PERLMAN: Is that—
MR. SHENKMAN: Let me finish.
MR. PERLMAN: Is that a voluntary dismissal?
THE COURT: It’s an election of remedies. You have a right to demand an election of remedies. He’s voluntarily doing it.
MR. PERLMAN: I’m sorry. Go ahead.
Neither the trial court nor opposing counsel questioned the action of the appellant in dropping the specified portion of the claim, and no objection was raised. The court went on to consider the amendment of the *1084 pleadings to conform to the proof on other issues.
Only the issues of fraud and breach of contract were submitted to the jury. There is no appeal from the final judgment provision that the third party defendant go hence without day on the claims for breach of contract and fraud in accordance with the verdict. However, appellant asserts that the court erred by including language in the final judgment that the third party defendant “go hence without day on said Third Party Complaint for violation of the Florida Deceptive and Unfair Trade Practices Act.” The appellant contends that this constitutes a judgment on issues which were dropped without objection and not submitted to the trier of fact.
Neither appellant nor the court considered the asserted election of remedies to be an attempt at dismissal. Clearly a plaintiff may not voluntarily dismiss only a portion of a claim. See, e.g., Deseret Ranches of Florida, Inc. v. Bowman, 340 So.2d 1232 (Fla. 4th DCA 1976); Marine Contractors, Inc. v. Armco, Inc., 452 So.2d 77 (Fla.2d DCA 1984). Rather, the court merely accepted appellant’s statement that he was electing remedies. The appellant has not argued that this colloquy may also constitute an amendment of the pleadings with the consent of the court, and therefore we do not consider that interpretation of it. We also need not determine in this appeal whether the appellant properly utilized an election of remedies. See generally Barbe v. Villeneuve, 505 So.2d 1331 (Fla.1987); Williams v. Robineau, 124 Fla. 422, 168 So. 644 (1936); Klondike, Inc. v. Blair, 211 So.2d 41 (Fla. 4th DCA 1968). Nor need we determine what other rights of the parties may have been affected by not proceeding on the statutory cause of action.
It is undisputed that the appellant’s liability under the Act was not submitted to the trier of fact, and that it was removed from further consideration in the case without objection by opposing counsel and with the concurrence of the court. We, therefore, conclude that the provision in the final judgment directing that the third party defendant shall go hence without day on claims arising under the Deceptive and Unfair Trade Practices Act was error. We reverse the final judgment and remand for further proceedings consistent with this opinion.
GLICKSTEIN and DELL, JJ., concur.