631 So.2d 365 (1994)
EASTERN AIRLINES, Appellant,
v.
Robert GRANESE, Appellee.
No. 92-2326.
District Court of Appeal of Florida, First District.
February 9, 1994.
Andrew L. Richard of Richard & Richard, Miami, for appellants.
Martin J. Mickler, Jacksonville, for appellee.
KAHN, Judge.
Eastern Airlines, the employer in this workers' compensation matter, appeals an order in favor of the claimant, Robert Granese. In the order under review, the Judge of Compensation Claims (JCC) found that Granese suffered a compensable accident on December 8, 1988, and further denied Eastern's motion to dismiss. We affirm, and address only the JCC's ruling on the motion to dismiss.
On May 23, 1989, Granese, represented by counsel, filed a claim seeking payment of indemnity benefits and medical expenses. The carrier controverted the claim in its entirety on June 30, 1989. On December 28, 1989, the claimant, his lawyer, and the lawyer representing Eastern filed a document entitled "Voluntary Dismissal by Parties," stating that the "action (is) discontinued and dismissed with prejudice and without costs to either party." On September 13, 1990, Granese, represented by new counsel, filed a new claim requesting essentially the same indemnity benefits sought in the earlier claim. Eastern immediately filed a motion to dismiss, arguing that the claim had earlier been dismissed with prejudice, that the predecessor JCC approved the dismissal with prejudice on January 8, 1990, and that claimant failed to move to set aside the order approving the dismissal.
Rule 4.110(a), Florida Rules of Workers' Compensation Procedure, provides in part:
A notice of voluntary dismissal is without prejudice, except that a second notice of *366 voluntary dismissal by the claimant operates as an adjudication of denial of any claim for the same benefit or benefits previously the subject of a voluntary dismissal.
It is undisputed that the notice of dismissal signed in December 1989 was not a second notice of voluntary dismissal. The committee notes to the 1984 amendment to Rule 4.110(a) state that the rule conforms workers' compensation procedure with Florida Rule of Civil Procedure 1.420(a)(1). Rule 1.420(a)(1) provides in pertinent part:

Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication on the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim.
The civil rule governing voluntary dismissal contains a proviso allowing a plaintiff to state in the notice that the dismissal is with prejudice. The workers' compensation rule contains no such proviso, and, to the contrary, states that any notice, other than a successive notice, is without prejudice.
Eastern argues that we should be guided by the committee note stating that it was the intent of the drafter of the rule to conform workers' compensation procedure with the Rules of Civil Procedure. Eastern further urges that nothing in the workers' compensation rule states that a notice of voluntary dismissal may not be with prejudice. In response to these very arguments, the JCC reached the following conclusions:
The 1984 amendment to the Rule, which amendment governs herein, conforms that Rule to Rule 1.420(a)(1), Florida Rules of Civil Procedure. However, it was obviously not the intention of the drafters of the Rule to conform the one rule to the other in all respects. The "without prejudice" language in the prior Rule was carried forward into the 1984 revision, and the undersigned can only conclude that this was carried forward intentionally. The obvious intent of conforming the one rule to the other is in the addition of the language concerning the second voluntary dismissal being with prejudice on the issues then before the Judge of Compensation Claims. Otherwise, for example, parties could easily circumvent the involvement of the Judge of Compensation Claims in approval of joint petitions under Section 440.20(12), Fla. Stat., and Rule 4.131, Workers' Compensation Rules, by reaching a secret agreement and voluntarily dismissing a claim with prejudice. Such was obviously not the intent of the drafters of the rules.
We find no fault with the JCC's ultimate conclusion. While Eastern strenuously argues that Granese knowingly entered into a voluntary dismissal with prejudice, the fact remains that the Rules of Workers' Compensation, as adopted by our supreme court, are not ambiguous in this regard, and provide that the first notice is without prejudice. The supreme court's inclusion of the language, "unless otherwise stated in the notice or stipulation," in the analogous civil rule, shows a distinction in the operation of the two rules that we are not at liberty to ignore.
Prior to the 1984 amendments to the Rules of Workers' Compensation Procedure, 460 So.2d 898 (Fla. 1984), the rules did not contain a specific reference to voluntary dismissal by the claimant. It would thus appear that the committee comment accompanying Rule 4.110(a), as adopted in 1984, merely indicates that the Workers' Compensation Rules are now conformed with the Civil Procedure Rules to the extent that the Workers' Compensation Rules now have an express rule addressing voluntary dismissal (and providing that the second such dismissal is with prejudice). While the recognition of claimant's right to a voluntary dismissal conforms with civil practice, the Workers' Compensation Rules, as noted by the JCC below, make no provision for a first notice of voluntary dismissal, other than without prejudice. The order of the first JCC purporting to approve the stipulation for dismissal was without consequence, because the dismissal itself operated to divest the JCC of jurisdiction. See Rassi v. Dispatch Service Group, 513 So.2d 1369 (Fla. 1st DCA 1987).
AFFIRMED.
JOANOS and MINER, JJ., concur.