639 So.2d 109 (1994)
Maria PEREZ, Appellant,
v.
WINN-DIXIE and Crawford & Company, Appellees.
No. 93-276.
District Court of Appeal of Florida, First District.
June 20, 1994.
*110 Frederick J. Daniels of Hurt & Parrish, P.A., Orlando, Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for appellant.
Bernard J. Zimmerman and Derrick E. Cox of Zimmerman, Shuffield, Kiser & Sutcliffe, P.A., Orlando, for appellees.
JOANOS, Judge.
Maria Perez, claimant in this workers' compensation cause, appeals an order of the judge of compensation claims (JCC) dismissing her claim for attendant care benefits with prejudice. The issues for our review are (1) whether the JCC erred in failing to accept claimant's voluntary dismissal of her claim at the commencement of the hearing, and (2) whether the JCC erred in denying and dismissing the claim with prejudice. We quash the order.
The record reflects that claimant sustained an industrial accident and injury on May 23, 1988. In April 1992, pursuant to a stipulation between claimant and the employer and carrier (E/C), the JCC issued an order approving a lump sum settlement. The agreement included a stipulation for the provision of attendant care through a certain date, following which attendant care would be paid in accordance with the medical opinions and testimonial evidence.
On May 13, 1992, claimant filed the claim underlying this appeal, seeking attendant care benefits; authorization and payment of Dr. Lozano, a psychiatrist; and costs, interest, penalties, and attorney's fees.
On November 24, 1992, the scheduled hearing was held on the claim. The JCC admitted four depositions into evidence as relevant to the issues to be tried including one by Dr. Lozano, and indicated he had read and annotated those particular depositions. The JCC also announced that "the claim for today, is based upon attendant care necessary since [February 14, 1992]." The JCC further stated that claimant's counsel had advised the court that he wished to withdraw the claim at that time.
Claimant's counsel explained that Dr. Lozano's deposition testimony did not reflect a knowledge of claimant's physical condition, because claimant had discussed her medical condition only with Dania Penedo, an intern who worked under Dr. Lozano's supervision. Claimant's counsel realized that Dr. Lozano's testimony would not support the claim for attendant care benefits. Consequently, he moved for a voluntary dismissal in order to *111 depose the intern/counselor, who was better informed with regard to claimant's medical condition.
E/C's counsel opposed the voluntary dismissal, on the ground that he had "gone to great time and expense" on behalf of his client, to be prepared for the hearing. The JCC refused to allow the claimant a voluntary dismissal of her claim, citing as reason therefor that the court and E/C's counsel were prepared to go forward with the hearing. In view of the JCC's ruling on the voluntary dismissal, claimant's counsel submitted the attendant care claim to the court on the basis of the evidence in the file, and then pursued the instant appeal.
The JCC's order dismissed the claim for attendant care with prejudice, based on findings that claimant failed to present competent substantial evidence showing a medical need for attendant care. The order further states that claimant's request to withdraw her pending claim was denied because: (1) the court had spent a great deal of time reviewing the Division file and the depositions submitted into evidence; (2) claimant would have a difficult time prevailing on the merits, and further delay would waste judicial time; and (3) claimant's attorney failed to submit a good and valid reason not to proceed with the hearing.
In the briefs filed in this cause and at oral argument, claimant asserted that under Florida Workers' Compensation Rule of Procedure 4.110(a), a claimant is permitted to take a voluntary dismissal of a claim without prejudice, and without an order from the JCC. Claimant maintains the JCC did not have discretion to determine whether to accept or reject a voluntary dismissal of a claim. In response, E/C assert the JCC properly denied the request to dismiss the claim, because claimant attempted to dismiss her claim for attendant care, but not her claim for authorization and payment of Dr. Lozano. E/C contend that any attempt to dismiss less than all claims contained in an action without order of the court will render the dismissal null and void. Consequently, the JCC had jurisdiction to decide the merits of the case.
Under the provisions of Florida Workers' Compensation Rule of Procedure 4.110(a),[1] the first notice of dismissal of a claim is without prejudice. Eastern Airlines v. Granese, 631 So.2d 365 (Fla. 1st DCA 1994). By virtue of the conformance of rule 4.110(a) to Florida Rule of Civil Procedure 1.420(a),[2] a claimant has an absolute right to take a voluntary dismissal of a claim at any time before the case is submitted to the trier of fact. Such dismissal divests a JCC of jurisdiction to take any further action in the case. Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978); Rassi *112 v. Dispatch Service, 513 So.2d 1369, 1370 (Fla. 1st DCA 1987); Piper Aircraft Corp. v. Prescott, 445 So.2d 591 (Fla. 1st DCA 1984).
Since the rule is clear that claimant in this case had an absolute right to a voluntary dismissal of her claim, the only question remaining is whether claimant dismissed the entire claim. "Only an entire action may be voluntarily dismissed under Fla.R.Civ.P. 1.420(a)(1); there can be no partial dismissal, no dismissal of less than all causes of action." Deseret Ranches of Florida, Inc. v. Bowman, 340 So.2d 1232, 1233 (Fla. 4th DCA 1976). See also Browd v. Everclear Photocopy, Inc., 536 So.2d 1083, 1084 (Fla. 4th DCA 1988). Any attempt to dismiss less than the entire action is a nullity, and does not terminate the court's jurisdiction. Deseret Ranches, 340 So.2d at 1233.
Initially, claimant sought attendant care, authorization and payment of Dr. Lozano, and costs, interest, penalties, and attorney's fees. However, during Dr. Lozano's deposition, E/C's counsel stated for the record that Dr. Lozano was authorized and her bills had been paid. At the hearing, the JCC observed that the claim before the court was the claim for attendant care necessary since February 14, 1992. Similarly, the JCC's order states the issue in the following manner:
The controversy presented at this time is whether or not subsequent to February, 1992, there has been demonstrated a need for attendant care supported by competent medical testimony.
The foregoing matters of record demonstrate clearly and without ambiguity, that claimant voluntarily dismissed the only claim which remained pending, i.e., the claim for attendant care benefits. That being the case, the JCC's jurisdiction terminated when claimant's counsel served notice of the voluntary dismissal of the attendant care claim.
As an added note, we are mindful that E/C did not assert that claimant attempted to dismiss less than the entire claim, when the voluntary dismissal was presented to the JCC. As a general rule, the failure to object or argue a specific point before the lower tribunal will preclude appellate review of that particular point. See Sunland Hospital/State of Florida v. Garrett, 415 So.2d 783, 784-785 (Fla. 1st DCA 1982). We have addressed the issue in this case to demonstrate that under the plain language of the rule and on the status of this record, claimant had an absolute right to a voluntary dismissal of her claim. In this vein, we reject E/C's request that we recognize and engraft an exception to the general voluntary dismissal rule, i.e., one that recognizes the inconvenience to the trier of fact and opposing counsel which is posed by a late notice of dismissal. The voluntary dismissal rule has been in existence many years, and modification of the rule, if such is needed, is not the business of this court. See Fears v. Lunsford, 314 So.2d 578, 580 (Fla. 1975), (J. Overton, specially concurring); Piper Aircraft Corp. v. Prescott, 445 So.2d 591, 596 (Fla. 1st DCA 1984), (J. Ervin, specially concurring).
Accordingly, the order purporting to dismiss claimant's claim with prejudice is a nullity, because the notice of dismissal divested the JCC of jurisdiction to act in this cause; this cause is remanded for further proceedings consistent with this decision.
ERVIN, J., concurs.
KAHN, J., concurs with opinion.
KAHN, Judge, concurring.
I concur in both the conclusion and the reasoning of the majority. I write separately because of my concern that Florida Workers' Compensation Rule of Procedure 4.110(a) may, in its present state, continue to cause problems for workers' compensation litigants and judges of compensation claims.
The Committee Notes to the 1984 revision of the rule state that the rule will conform the workers' compensation procedure with Florida Rule of Civil Procedure 1.420(a)(1). See Eastern Airlines v. Granese, 631 So.2d 365 (Fla. 1st DCA 1994). The plain fact, however, is that the Workers' Compensation Rule is not the same as the Civil Procedure Rule. The present case is the second time this year we have been called upon to apply the Workers' Compensation Rule in situations that could probably not have arisen under the Civil Procedure Rule. In Eastern Airlines v. Granese, supra, we held that because the Workers' Compensation Rule *113 states "a (first) notice of voluntary dismissal is without prejudice," that the first notice of dismissal must always be without prejudice, even where the claimant's attorney states in the notice that such dismissal is with prejudice, at least in cases where no judicial approval of the dismissal is required or obtained.
In this case we have held that claimant has an absolute right to dismiss her claim during the hearing. Again, the Civil Procedure Rule specifically addresses this situation by providing that voluntary dismissal may take place during trial, before the retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision. Fla.R.Civ.P. 1.420(a)(1). The Workers' Compensation Rule is silent as to when a party may dismiss.
It is clear that we have construed the right to dismissal as absolute, leaving no room for the trial court's discretion. Rassi v. Dispatch Service, 513 So.2d 1369, 1370 (Fla. 1st DCA 1987). The operation of the rule, at least in the situations presented by Rassi, Granese, and the present case, is now clear. I would suggest, nonetheless, that if the 1984 Committee Note concerning conforming workers' compensation with the Civil Procedure Rule is an accurate reflection of the wishes of the Rules Committee, that the Committee might examine the last sentence of Rule 4.110(a) in order to determine if that sentence encompasses the goal set out by the Rules Committee in its commentary.
NOTES
[1] Florida Workers' Compensation Rule of Procedure 4.110(a) provides:

(a) When a trial has been set by a [Judge of Compensation Claims], all parties shall diligently prosecute and defend the claim. The [Judge of Compensation Claims] may cancel or continue a trial on his own motion or on the motion of a party if he finds that the cancellation or continuance is for good cause which has not resulted from lack of diligence in the prosecution or defense of the claim. A notice of voluntary dismissal is without prejudice, except that a second notice of voluntary dismissal by the Claimant operates as an adjudication of denial of any claim for the same benefit or benefits previously the subject of a voluntary dismissal.
[2] The Committee Notes to Workers' Compensation Rule 4.110(a) state in part:

(a) Conforms workers' compensation procedure with Florida Rule of Civil Procedure 1.420(a)(1). Voluntary dismissal of the same claim or claim for the same benefits is with prejudice and operates as a denial of the claim for those benefits.
Florida Rule of Civil Procedure 1.420(a)(1) states:
(a) Voluntary Dismissal.
(1) By Parties. Except in actions in which property has been seized or is in the custody of the court, an action may be dismissed by plaintiff without order of court (i) before trial by serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before the retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication on the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim.