994 So.2d 1162 (2008)
Roberto COVA and Raul de la Heria, Appellants,
v.
Evan M. OSTFELD, Esquire, and The Law Offices of Evan M. Ostfeld, P.A. and Southeast Personnel Leasing, Inc., and Broadspire, Appellees.
No. 1D07-3552.
District Court of Appeal of Florida, First District.
September 29, 2008.
Rehearing Denied November 26, 2008.
G. Bart Billbrough of Billbrough and Marks, for Appellants.
Rene Lopez of Fandio and Lopez, Miami, and Bonnie S. Satterfield of Bonnie S. Satterfield, P.A., Coral Springs, for Appellees.
PER CURIAM.
Claimant and his current counsel seek reversal of the Judge of Compensation Claims' order awarding an attorneys fee to Claimant's former counsel to be paid by Claimant's current counsel. As grounds, they argue the JCC lacked jurisdiction to award the fee. We agree.
Claimant's former counsel dismissed in their entirety all petitions for benefits he had filed, citing as the basis for dismissal that "the issues have been resolved." When all claims asserted through a petition for benefits are dismissed, the JCC loses jurisdiction to address those claims. "Such dismissal divests a JCC of jurisdiction to take any further action in the case." See Perez v. Winn-Dixie, 639 So.2d 109, 111 (Fla. 1st DCA 1994); Rassi v. Dispatch Serv. Group, 513 So.2d 1369 (Fla. 1st DCA 1987); Randle-E. Ambulance Serv., Inc. v. Vasta, 360 So.2d 68 (Fla. 1st DCA 1978).
Because the JCC lacked jurisdiction to enter the order, the fee award is REVERSED.
BARFIELD, KAHN, and BENTON, JJ., concur.