IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

EDWIN VAZQUEZ,

      Petitioner,

v.

CARLOS ROMERO, L & R
STRUCTURAL CORPORATION,
ACOSTA
CONSTRUCTION/CO/ASSOCIAT
ED INDUSTRIES INSURANCE
COMPANY, GUARANTEE
INSURANCE COMPANY, and
STAR INSURANCE.,

      Respondents.

_____/

CASE NO. 1D15-0623

Opinion filed November 9, 2015.

Petition for Writ of Prohibition.

Matias R. Dorta, Gonzalo Ramon Dorta, and Craig A. Applebaum of Dorta Law,
Coral Gables, for Petitioner.

Rayford H. Taylor of Casey Gilson, P.C., Atlanta, GA., and William T. Goran,
Miami, for Respondents Romero and Associated Industries Insurance; and
Stephanie R. Hayes, Staff Counsel, Office of the Judges of Compensation Claims,
Tallahassee.


ON MOTIONS FOR REHEARING, REHEARING EN BANC,
CERTIFICATION, OR CLARIFICATION

KELSEY, J.

Following publication of our opinion, Respondent Romero filed a motion for rehearing, rehearing en banc, and certification; and the Office of the Judge of Compensation Claims (OJCC) filed a motion for rehearing, rehearing en banc, or clarification. We grant the OJCC's motion for clarification in part, to emphasize that our disposition is limited to the facts of this case. We decline to address hypothetical facts not before us, and deny all other post-decision motions. We withdraw our opinion issued August 19, 2015, and substitute the following.

Petitioner seeks a writ of prohibition to prevent the Judge of Compensation Claims (JCC) from exercising jurisdiction over discovery requests that Respondent Romero filed <u>after</u> Petitioner had voluntarily dismissed petitions for benefits (PFBs) against Romero and two other alleged Employers, and their Carriers. After considering all of the parties' arguments and those of the OJCC, we grant the petition.

Petitioner filed three PFBs, thereby asserting that his injury is compensable under the Workers' Compensation Act. All three alleged employers denied having an employer/employee relationship with Petitioner, thereby denying compensability. Petitioner voluntarily dismissed his PFBs without prejudice, instead filing a tort claim in circuit court. Nevertheless, Romero filed new papers before the JCC attempting to rescind his prior denial of compensability, tried to provide benefits to

2

Petitioner (which Petitioner rejected), and filed a contribution action against Respondent Acosta (again disavowing any employment relationship with Petitioner). Romero and his carrier also sought discovery related to the contribution claim, including discovery of Petitioner's medical records from a non-party hospital. Petitioner objected. The JCC held a hearing on Petitioner's objection, and entered an order holding that the JCC has jurisdiction over Romero's discovery efforts within the workers' compensation arena. Further proceedings before the JCC were stayed upon this Court's issuance of a show cause order on the Petition. See Fla. R. App. P. 9.100(h).

Romero and the OJCC argue that the JCC retains jurisdiction over Romero's discovery requests, either because Petitioner's voluntary dismissal was without prejudice and a PFB could be refiled, or pursuant to section 440.42(4), Florida Statutes (2013) (conferring on the JCC jurisdiction over a controversy "as to which of two or more carriers is liable for the discharge of the obligations and duties of one or more employers with respect to a claim for compensation, remedial treatment, or other benefits under this chapter") (emphasis added). We reject all of the Respondents' arguments. We emphasize that Petitioner makes no claim, compensability remains disputed, and no liability has been established. Compensability has not been established by agreement, because Petitioner expressly disavows it and has not accepted benefits. We have not been informed of any ruling by the trial court on whether Petitioner's claims are subject to the Workers'

3

Compensation Act. There is therefore no justiciable controversy before the JCC regarding the parties' rights or obligations under the Workers' Compensation Act. On these facts, Petitioner's dismissal of his PFBs divested the JCC of jurisdiction. "When all claims asserted through a petition for benefits are dismissed, the JCC loses jurisdiction to address those claims. 'Such dismissal divests a JCC of jurisdiction to take any further action in the case.'" Cova v. Ostfeld, 994 So. 2d 1162, 1162 (Fla. 1st DCA 2008) (quoting Perez v. Winn-Dixie, 639 So. 2d 109, 111 (Fla. 1st DCA 1994)).

The particular facts of this case distinguish it from the cases the Respondents cite, in which a JCC's jurisdiction exists or continues in the absence of a pending PFB. See, e.g., Southeastern Utils. Serv. Co. v. Redding, 131 So. 2d 1 (Fla. 1961) (permitting deposition of injured worker when carrier was voluntarily providing benefits, worker was accepting them, and worker subsequently filed formal claim for benefits); Covell v. Cracker Barrel Old Country Store, Inc., 118 So. 3d 991 (Fla. 1st DCA 2013) (holding JCC has subject matter jurisdiction over discovery requests filed by injured worker who is pursuing benefits, even before PFB is filed); Shannon v. Cheney Bros. Inc., 98 So. 3d 1228 (Fla. 1st DCA 2012) (permitting JCC to award attorney's fee to counsel for claimant who was pursuing benefits, when claimant's deposition was taken prior to filing of formal claim); Canovas v. Sugar Supply, Inc., 921 So. 2d 26 (Fla. 1st DCA 2006) (permitting JCC to compel claimant who was receiving workers' compensation benefits to release Social Security Administration

4

records to employer/carrier while no PFB was pending); Southeastern Recycling Corp. v. McClure, 658 So. 2d 670 (Fla. 1st DCA 1995) (permitting JCC to compel production of machine that injured claimant from employer even in absence of pending claim where E/C had accepted compensability and was providing benefits); Orange State Marine v. Snack, 382 So. 2d 1367 (Fla. 1st DCA 1980) (permitting JCC to award attorney's fees for appearance at two depositions after worker filed claim; subsequent dismissal of claim did not divest JCC of jurisdiction to award fee already earned by attendance at depositions).

Section 440.42(4) does not confer jurisdiction on the JCC, because that statute applies only to disputes over carriers' relative coverage responsibilities after underlying liability has been conceded or otherwise established. See, e.g., Medpartners/Diagnostic Clinic Med. Group, P.A. v. Zenith Ins. Co., 23 So. 3d 202, 204 (Fla. 1st DCA 2009) ("[A] carrier can obtain contribution pursuant to section 440.42(4) only if the carrier from which contribution is sought is liable to the claimant for payment of benefits."); Jeffrey's Steel v. Conibear Equip., Inc., 854 So. 2d 268, 271 (Fla. 1st DCA 2003) ("[S]ection 440.42(3) [now renumbered as (4)] can be applied only when each of the contending employer/carriers is liable to the claimant for a portion of the benefits which have been determined under other provisions of chapter 440.").

The defendants may conduct discovery in circuit court and may, if appropriate (a question upon which we do not pass), assert workers' compensation immunity as

5

an affirmative defense. <u>See</u>, <u>e.g.</u>, <u>Mandico v. Taos Constr., Inc.</u>, 605 So. 2d 850, 854 (Fla. 1992) ("A person has a right to file a personal injury action in circuit court, and the court has jurisdiction to entertain the suit. The assertion that the plaintiff's exclusive remedy is under the workers' compensation law is an affirmative defense, and its validity can only be determined in the course of litigation.").

On the specific facts presented and in the present posture of the underlying dispute, the JCC lacks jurisdiction.

PETITION GRANTED.

THOMAS and MARSTILLER, JJ., concur.