IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LAW OFFICES OF WILLIAM
F. SOUZA,

      Appellant,

v.

TRULY NOLEN,
INC./CRAWFORD AND
COMPANY AND MILENA
SOLIDAD,

      Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-118

Opinion filed September 9, 2016.

An appeal from an order of the Judge of Compensation Claims.
Gerardo Castiello, Judge.

Dates of Accident: April 2, 2003, May 18, 2003, May 19, 2003.

William F. Souza, North Miami Beach, for Appellant.

Janet M. Greene, Tampa, for Appellees.


PER CURIAM.

      In this workers' compensation case, Claimant's former attorney, William

Souza, challenges the Judge of Compensation Claims' (JCC's) order compelling him

to file a verified motion for attorneys' fees and costs in accordance with a motion filed by the Employer/Servicing Agent (E/SA). Because the JCC lacked subject matter jurisdiction to grant the E/SA's motion to compel, we reverse.

### *Factual Background*

In 2008, the JCC entered a final order finding Claimant had settled his workers' compensation cases and dismissing all of Claimant's pending petitions for benefits (PFBs). Claimant filed an appeal, but this court subsequently affirmed *per curiam*. See Soledad v. Truly Nolen of N. Am., 3 So. 3d 323 (Fla. 1st DCA 2009) (table). While the appeal was pending, Souza withdrew a pending claim under section 440.34, Florida Statutes (2002), for attorney's fees based on past medical benefits secured for Claimant. Jurisdiction was not reserved on any claim.

In July 2015, the E/SA filed a motion to dismiss all pending claims. The JCC found that there were no outstanding claims to dismiss and denied the motion. In December 2015, the E/SA filed a motion to compel Souza to file a verified petition for attorney's fees and costs "pursuant to W.C. Rule 60Q-6.124(3)(5)." On December 30, 2015, the JCC entered an order granting the E/SA's motion and ordering Souza to file a verified motion within ninety days. Souza filed a motion for rehearing which asserted, among other things, that the JCC had no authority to compel the filing of a verified motion for attorney's fees in the absence of a pending

2

PFB. The JCC entered an order summarily denying Souza's motion for rehearing and this appeal followed.

*Legal Analysis*

Our review of subject matter jurisdiction is *de novo*. See Jacobsen v. Ross Stores, 882 So. 2d 431, 432 (Fla. 1st DCA 2004).

This court has previously held that the dismissal of all PFBs divests the JCC of jurisdiction. See Cova v. Ostfeld, 994 So. 2d 1162 (Fla. 1st DCA 2008) ("When all claims asserted through a petition for benefits are dismissed, the JCC loses jurisdiction to address those claims. 'Such dismissal divests a JCC of jurisdiction to take any further action in the case.'" (quoting Perez v. Winn-Dixie, 639 So. 2d 109, 111 (Fla. 1st DCA 1994)). The JCC loses jurisdiction even when the dismissal of the PFB is without prejudice. See Perez, 639 So. 2d at 112. "The effect [of a voluntary dismissal] is to remove completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of 'jurisdiction.'" Randle-E. Ambulance Serv., Inc. v. Vasta, 360 So. 2d 68, 69 (Fla. 1978). Here, the JCC had no jurisdiction over any particular claim, including a claim for entitlement to attorney's fees, because all PFBs were dismissed with no reservation of jurisdiction.

The E/SA points out that this court recently acknowledged that there are cases "in which the JCC's jurisdiction exists or continues in the absence of a pending

3

PFB." See Vasquez v. Romero, 179 So. 3d 402, 404 (Fla. 1st DCA 2015). However, the E/SA ignores that this continuing jurisdiction exists in a limited number of cases involving discovery requests or disputes. Id. In fact, Vasquez involved a discovery request, but this Court still held that the voluntary dismissal of the PFBs divested the JCC of jurisdiction. Id. In reaching this conclusion, we emphasized that the claimant had no pending claims, that compensability remained disputed, and that no liability had been established. Id. at 403. Similar conditions exist in this case – all of the PFBs have been voluntarily dismissed and there are no pending claims. Thus, as in Vasquez, there is no justiciable controversy before the JCC about the parties' rights or obligations under the Workers' Compensation Act.

We also reject the E/SA's argument that the JCC had jurisdiction to compel the filing of a verified fee motion by virtue of Florida Administrative Code Rule 60Q-6.124(5), which states:

> Upon motion by any party:
>
> (a) The judge shall require the filing of a verified motion for attorney's fees and costs as to any [PFB] which has no pending claims other than entitlement to attorney's fees and costs.
> (b) The judge may require the party or attorney entitled to attorney's fees and costs to file a verified motion for attorney's fees and costs as to the amount.

By its plain language, paragraph (a) cannot apply here because there is no pending claim for attorney's fees via a PFB: in particular, jurisdiction was not reserved over any attorney's fee claim made in a previously filed PFB.

4

Nevertheless, the E/SA argues that the JCC had discretionary jurisdiction to compel a verified fee motion under paragraph (b). This argument fails for several reasons. First, "[a] JCC has no authority or jurisdiction beyond what is specifically conferred *by statute*." Farhangi v. Dunkin Donuts, 728 So. 2d 772, 773 (Fla. 1st DCA) (emphasis added). Second, paragraph (b) permits the JCC to require the filing of a verified fee motion from "the party or attorney *entitled* to attorney's fees." Because there is no pending PFB and no reservation of jurisdiction, there is no outstanding claim for fees in this case. Third, paragraph (b) applies to determine the *amount* of a fee *where entitlement is due*. This requirement necessarily precludes the compelled filing of a verified fee motion where entitlement is in dispute. Here, neither Claimant nor Souza has even made a claim of entitlement to any attorney's fee.

In short, Souza cannot be forced to make a claim, under either the statute or the rule, if he does not wish to do so. The JCC, therefore, had no jurisdiction to compel Souza to file a verified motion for attorney's fees. We add that a PFB which is dismissed without reservation of jurisdiction over an unresolved claim will not toll the statute of limitations (SOL). Sanchez v. Am. Airlines, 169 So. 3d 1197, 1197-98 (Fla. 1st DCA 2015) (holding that previously filed and dismissed PFB had no bearing on the running of the SOL, because "'when an action is dismissed, the statute of limitation is not tolled during the period that the dismissed action was

5

pending; rather, the statute will run as if the dismissed action had never been filed'") (quoting <u>McBride v. Pratt & Whitney</u>, 909 So. 2d 386, 388 (Fla. 1st DCA 2005)).

Because the JCC lacked subject matter jurisdiction to compel Souza to file a verified motion for attorney's fees and costs, we REVERSE.

ROBERTS, C.J., ROWE, and MAKAR, JJ., CONCUR.